(No. 29881.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK WILSON, Plaintiff in Error.

*Opinion filed January 22, 1947.*

JOHN J. KELLEY, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

The plaintiff in error, Frank Wilson, sued out this writ of error for the purpose of reviewing a judgment of the criminal court of Cook county. The case is here on the common-law record only. The indictment was returned against the plaintiff in error by the grand jury of Cook county at the November term, 1939, on a charge of robbery. The indictment consists of three counts. The first count charges armed robbery; the second count charges armed robbery and sets forth a copy of his prior indictment and

conviction for grand larceny; the third count charges robbery by force and intimidation. The plaintiff in error was arraigned, pleaded not guilty and the case was called for trial in the criminal court of Cook county by a jury. After considerable testimony was heard, the plaintiff in error by leave of court withdrew his plea of not guilty and entered a plea of guilty to the indictment and that he had theretofore been convicted of the crime of grand larceny, value of property $265. Plaintiff in error was warned and cautioned as to the effect of a plea of guilty, but he persisted in the plea and the court found him guilty of plain robbery as charged in the indictment and that he had theretofore been convicted of the crime of grand larceny in the criminal court of Cook county. The court entered judgment on the plea of guilty and plaintiff in error was sentenced to the Illinois State Penitentiary for a term of 20 years.

The sole contention of the plaintiff in error is that the adjudication of guilty of plain robbery limits the court's action to the third count of the indictment and therefore precludes imposition of aggravated punishment under the Habitual Criminal Act. He asserts that his sentence of aggravated punishment under the Habitual Criminal Act entered upon an adjudication of plain robbery and of having been previously convicted of grand larceny, based upon a plea of guilty to the indictment, is contrary to law.

We can find nothing whatever in the record which supports the contention of the plaintiff in error. At the time the plea of guilty was entered to the indictment, there was no waiver on the part of the State as to any part of any of the counts of the indictment. Upon a plea of guilty it is the duty of the court to fix the punishment. In this case the court had heard the testimony of several witnesses before the plea of not guilty was withdrawn. By his plea the plaintiff in error admitted his guilt of the crime charged in the indictment. The effect of a plea of guilty to the

crime charged is an admission of guilt to each and every element legally charged. (*People* v. *O'Brien*, 306 Ill. 340.) There is no contention that the·indictment was not sufficient or that the plaintiff in error was not duly and properly admonished regarding his plea. He could be found guilty of plain robbery under each count of the indictment and while only the common-law record is presented, it is reasonable to believe that the trial court considered the proof of the charge of being armed with a deadly weapon at the time of the robbery as unsatisfactory, but that the proof of plain robbery and that plaintiff in error had previously been convicted of grand larceny was definitely established. The court certainly had the right to hear the evidence and to sentence him for the crime of which the proof showed him to be guilty. (*People* v. *Carr*, 255 Ill. 203.) In this state of the record, the court was fully warranted in imposing a sentence of 20 years in the State Penitentiary. The cases relied upon by plaintiff in error, *People* v. *Blumberg*, 314 Ill. 567, and *People* v. *Cohen*, 307 Ill. 87, do not support his contention.

Finding no error in the record filed, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*