# ILLINOIS OFFICIAL REPORTS

---

### *People v. White*, 2011 IL 109616

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. PIERRE WHITE, Appellee. |
| Docket No. | 109616 |
| Filed | June 16, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the factual basis entered for a guilty plea makes it clear that a defendant is subject to a mandatory sentencing enhancement, a trial court judgment imposing a sentence that does not include the enhancement on the basis that the enhancement was excluded by the parties from the plea agreement is void. |
| Decision Under Review | Appeal from the Appellate Court for the First District, No. 1–07–2102 (unpublished order under Supreme Court Rule 23); heard in that court on appeal from the Circuit Court of Cook County, the Hon. Marcus R. Salone, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Annette N. Collins, Jennifer N. Bruzan, Alan J. Spellberg, Susan R. Schierl Sullivan, Veronica Calderon Malavia and Kathryn A. Schierl, Assistant States' Attorneys, of counsel), for the People.

Michael J. Pelletier, State Appellate Defender, Alan J. Goldberg, Deputy Defender, and Darrel F. Oman, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee.

Justices

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Garman, and Karmeier concurred in the judgment and opinion.

Justice Theis specially concurred, with opinion.

## OPINION

¶ 1    In this case, we address the following question: When the factual basis entered for a guilty plea makes it clear that a defendant is subject to a mandatory sentencing enhancement, may the trial court enter judgment imposing a sentence that does not include the enhancement on the basis that the enhancement was excluded by the parties from the plea agreement? The appellate court answered this question in the negative and held that, because a mandatory sentencing enhancement was not included in defendant's sentence in this case, the sentence and plea were void. No. 1–07–2102 (unpublished order under Supreme Court Rule 23). For the reasons that follow, we affirm the judgment of the appellate court.

¶ 2                                    Background

¶ 3    Defendant Pierre White was charged with three counts of first degree murder, one count of armed robbery and one count of attempted armed robbery in connection with the November 6, 2004, armed robbery and murder of Karim Ally, a taxi cab driver. In November 2006, following the trial court's denial of defendant's first motion to quash arrest and suppress evidence, defense counsel told the court, "the State and I are attempting to resolve the case short of trial." On January 23, 2007, defense counsel stated, "Judge, I had asked the State if they would make an offer. They wanted to reach out to the family of the victim. They have not done that."

¶ 4    In February 2007, the State offered defendant a 30-year sentence in exchange for a plea of guilty to first degree murder, which defendant rejected. Additional attempts to resolve the matter failed and the case was set for trial on April 30, 2007. The court continued the case

to June 12, 2007. And on that date, defense counsel advised the court that the State had made an offer, which defendant accepted. Under the terms of this offer, defendant would plead guilty and receive a 28-year sentence on the charge of first degree murder and a 4-year sentence on the charge of possession of contraband while in a penal institution, to be served consecutively.[1]

¶ 5 Prior to accepting defendant's plea, the trial court admonished defendant in accordance with Supreme Court Rule 402. In doing so, the court advised defendant, in pertinent part, that he was charged with first degree murder and that the sentencing range for this offense was 20 to 60 years' imprisonment. After defendant acknowledged the rights he was waiving and stated his desire to proceed, the State presented a factual basis for both pleas.

¶ 6 The State offered the following as the factual basis for first degree murder:

"[I]t would be hereby stipulated to by and between the parties that the victim in this case, Karim Ally, *** was a taxi driver and on November 6, 2004 was alive and well and was 48 years of age.

At approximately 11:10 that evening he did pick up the defendant, *** whom would be identified in court by other witnesses as being in Karim Ally's cab along with a cohort by the name of Huzell Washington ***.

Both the defendant and Huzell Washington planned to rob the victim, Karim Ally. And prior to getting into Karim Ally's cab, they were in a different person's cab, a person by the name of William Wesley. William Wesley would also identify the defendant in open court as having been in his cab prior to getting into Karim Ally's cab along with Huzell Washington.

Once in Karim Ally's cab, the–they had planned to rob the victim. And the defendant admitted in a videotaped confession that he was acting as a lookout and looking outside of the cab for police to drive up.

When Karim Ally brought them to their destination at 6350 South King Drive, both the defendant and Huzell Washington exited the cab and the victim was shot in the temple one time with a handgun.

The defendant, in a videotaped confession, does not state that he is the shooter, however, does admit to taking the gun from Mr. Huzell Washington after the incident and putting it in his back pocket.

They both go to Patricia Jones' home, and Patricia Jones is Huzell Washington's girlfriend, who would identify the defendant in open court as arriving at her apartment with her boyfriend, Huzell Washington. She would identify the defendant was wearing a White Sox jacket when he entered into her home.

Both the defendant and Huzell Washington both then left from the apartment and upon leaving the apartment, Mr. John Edwards, who was working security in that area, stopped the defendant because the defendant was trying to exit from a gated

_____

[1]Defendant was charged with possession of contraband while in custody awaiting trial on the murder and robbery charges.

area.

Mr. John Edwards did a protective pat-down and did recover a weapon from the defendant. That weapon, it would be testified to by an Illinois State Police Forensic Scientist by the name of Jennifer Alber. She would be qualified to testify in the area of ballistics, and she would testify that the weapon that was recovered from the defendant did match the one fired bullet that was recovered from the victim's body.

Further, there was GSR testing conducted on the White Sox jacket that was recovered from Huzell Washington's girlfriend's home, and that jacket was tested for GSR by Robert Berke, and he would be qualified to testify as an expert in the field of, I guess ballistics also, Judge. And he would testify that the right cuff of that Sox jacket did contact the PGSR related item or was in the environment of a discharged firearm.

Further, Judge, Dr. Adrienne Segovia *** would testify that she was the medical examiner who conducted the autopsy on the body of the victim, Karim Ally. *** And after conducting an autopsy, it would be her opinion, within a reasonable degree of medical and scientific certainty, that the victim did die as a result of a gunshot wound of the head."

The State then offered a factual basis for the possession charge.

¶ 7 The trial court accepted the pleas and the State nol-prossed the remaining counts against defendant. Thereafter, the trial court sentenced defendant to 28 years' imprisonment for murder and 4 years' imprisonment for possession of contraband, in accordance with the plea agreement.

¶ 8 On June 18, defendant, through his attorney, orally moved to withdraw the guilty plea on the basis that it was involuntary. Counsel argued that defendant did not fully understand the implications of his decision and he had been rushed into making a decision. The State objected, arguing that defendant should file a written motion and the State be given an opportunity to respond. The trial court allowed the State's request and deferred ruling until a written motion was filed.

¶ 9 On June 21, defendant filed a written motion to vacate his guilty plea. In addition to arguing that he did not understand the implication of pleading guilty, defendant also argued that he was not properly admonished about the sentencing range. Specifically, defendant alleged that he was subject to the 15-year mandatory firearm enhancement provision (730 ILCS 5/5–8–1(a)(1)(d)(i) (West 2004)) for being armed with a firearm, making the actual sentence range 35 to 75 years, not 20 to 60 years. Thus, defendant argued that the 28-year sentence he received was not authorized by statute and, therefore, was void. Accordingly, the plea agreement had to be vacated.

¶ 10 At the hearing on this motion, the State maintained that the factual basis for the plea did not include a statement that the defendant himself was armed with a firearm and that the trial court had not made a specific finding to that effect. Thus, according to the State, the statutory enhancement was not triggered and the 20-to-60-year sentencing admonishment was correct.

¶ 11 The trial court denied defendant's motion. It found that the 15-year sentencing enhancement provision did not apply to defendant because he was found guilty on a theory

of accountability. However, the court reasoned that, even if the enhancement did apply to defendant, defendant was not prejudiced by his plea.

¶ 12 Defendant appealed, again arguing that his sentence was void. The appellate court reversed and remanded. No. 1–07–2102 (unpublished order under Supreme Court Rule 23). Citing to *People v. Rodriguez*, 229 Ill. 2d 285 (2008), the appellate court found that the 15-year enhancement provision applies to a defendant whose guilt is based on accountability, as was the case here, but that defendant was neither admonished of the 15-year enhancement nor sentenced to it. Pursuant to *People v. Torres*, 228 Ill. 2d 382 (2008), the appellate court concluded that defendant's sentence must be vacated because it fell below the permissible minimum 35 years mandated by statute. By failing to properly sentence defendant, the trial court exceeded its statutory authority and the sentence was void.

¶ 13 The appellate court rejected the State's argument that the trial court was required to make an additional factual finding to impose the 15-year sentencing enhancement under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Relying on *People v. Townsell*, 209 Ill. 2d 543 (2004), the appellate court concluded that *Apprendi*-based sentencing objections cannot be heard on appeal from a guilty plea.

¶ 14 The appellate court ruled that defendant's void sentence invalidated the entire plea agreement and remanded the cause so that defendant could withdraw his plea and proceed to trial, if he so chose.

¶ 15 We granted the State's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010).

¶ 16 Analysis

¶ 17 Under Supreme Court Rule 402, a trial court cannot enter a final judgment on a plea of guilty without first determining that there is a factual basis for the plea. Ill. S. Ct. R. 402 (eff. July 1, 1997). The factual basis for a guilty plea generally will consist of an express admission by the defendant that he committed the acts alleged in the indictment or a recital to the court of the evidence that supports the allegations in the indictment. *People v. Brazee*, 316 Ill. App. 3d 1230, 1236 (2000). "The plea obviates the prosecution's burden of proof. ' "It supplies both evidence and verdict, ending controversy." ' *Boykin v. Alabama*, 395 U.S. 238, 242 n.4, 23 L. Ed. 2d 274, 279 n.4, 89 S. Ct. 1709, 1712 n.4 (1969), quoting *Woodard v. State*, 42 Ala. App. 552, 558, 171 So. 2d 462, 469 (1965)." *People v. Guttendorf*, 309 Ill. App. 3d 1044, 1046 (2000). In this case, the factual basis offered by the State in support of defendant's plea of guilty to first degree murder established that the victim died of a gunshot wound to the head and that there was sufficient evidence to find defendant guilty of the murder on a theory of accountability.

¶ 18 Section 5–8–1 of the Unified Code of Corrections sets forth the sentencing range for first degree murder:

> "(a) Except as otherwise provided in the statute defining the offense, a sentence of imprisonment for a felony shall be a determinate sentence set by the court under this Section, according to the following limitations:
>
> > (1) for first degree murder,

(a) a term shall be not less than 20 years and not more than 60 years[.]" 730 ILCS 5/5–8–1 (West 2004).

Section 5–8–1 also contains a provision requiring the imposition of an enhanced sentence where a firearm is used in the offense:

"(d)(i) if the person committed the offense while armed with a firearm, 15 years shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5–8–1 (a)(1)(d)(i) (West 2004).

¶ 19    In the case at bar, the trial court did not impose the 15-year sentencing enhancement largely because it believed that the enhancement did not apply where guilt is predicated on accountability. As the State concedes, however, this is incorrect. In *Rodriguez*, we held that section 5–8–1(a)(1)(d)(i) applies to a defendant who aids and abets another in the commission of first degree murder, which renders the defendant accountable for all criminal acts done in furtherance of that crime, including being armed with a firearm. *Rodriguez*, 229 Ill. 2d at 294. Because the sentencing enhancement was triggered, defendant was subject to the mandatory minimum sentence of 35 years' imprisonment, which is more than the 28 years he received. The State argues, however, that the trial court had the authority to impose the 28-year sentence, which defendant agreed to. We disagree.

¶ 20    Once a trial court accepts a plea of guilty, it is the duty of the court to fix punishment. *People v. Davis*, 93 Ill. 2d 155, 161 (1982); *People v. Wilson*, 396 Ill. 191, 192 (1947). We have "repeatedly recognized that the legislature has the power to prescribe penalties for defined offenses, and that power necessarily includes the authority to prescribe mandatory sentences, even if such sentences restrict the judiciary's discretion in imposing sentences." *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004). A court does not have authority to impose a sentence that does not conform with statutory guidelines (*People v. Whitfield*, 228 Ill. 2d 502, 511 (2007); *People v. Wade*, 116 Ill. 2d 1, 6 (1987)) and a court exceeds its authority when it orders a lesser or greater sentence than that which the statute mandates (*Wade*, 116 Ill. 2d at 7). See also *People v. Pullen*, 192 Ill. 2d 36, 40 (2000). In such a case, the defendant's sentence is illegal and void. *People v. Arna*, 168 Ill. 2d 107, 113 (1995) ("A sentence which does not conform to a statutory requirement is void). See also *People v. Harris*, 203 Ill. 2d 111, 119-21 (2003); *Pullen*, 192 Ill. 2d at 40; *City of Chicago v. Roman*, 184 Ill. 2d 504, 510 (1998); *People v. Williams*, 179 Ill. 2d 331, 336 (1997).

¶ 21    Under the Unified Code of Corrections, the legislature has imposed specific requirements upon circuit courts with respect to the imposition of enhanced sentences when firearms are used in the commission of first degree murder. The circuit court is responsible for enforcing these requirements and imposing the appropriate sentence. *People ex rel. Waller v. McKoski*, 195 Ill. 2d 393, 399-401 (2001). Here, defendant's sentence did not conform to the statutory requirements and, therefore, is void. And, because defendant was not properly admonished, the entire plea agreement is void as well.

¶ 22    The State maintains, however, that defendant's sentence and plea are not void because the State and defendant agreed to a "reduced murder charge" or a "lesser degree" of murder, *i.e.*, murder that did not include the sentencing enhancement. According to the State, the intent of the parties controls and, thus, the 15-year enhancement does not apply.

¶ 23    Defendant disputes the State's characterization as to what the parties agreed to. However, we need not resolve this dispute because the State's contention that the intent of the parties controls is incorrect. "Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." *United States v. Greatwalker*, 285 F.3d 727, 730 (8th Cir. 2002); *People v. Jackson*, 176 Cal. Rptr. 166, 170 (Cal. Ct. App. 1981). See also *Sumner v. State*, 643 S.E.2d 831, 835 (Ga. Ct. App. 2007); *State v. Hines*, 07–313, at 3 (La. App. 5 Cir. 11/27/07); *Mobley v. State*, 939 So. 2d 213, 214 (Fla. Dist. Ct. App. 2006) (*per curiam*); *State v. Crawford*, 877 A.2d 356, 360 (N.J. Super. Ct. App. Div. 2005); *Tucker v. State*, 864 So. 2d 580, 581 (Fla. Dist. Ct. App. 2004); *Chae v. People*, 780 P.2d 481 487 (Colo. 1989); *People v. West*, 436 N.Y.S.2d 424, 425 (N.Y. App. Div. 1981). See also *People v. Torres*, 228 Ill. 2d 382, 398 (2008) (noting that a defendant "*could not have negotiated a lesser sentence given that the 45-year sentence he received was the minimum possible* under the sentencing scheme" (emphasis added)).

¶ 24    The State argues, nonetheless, that because it has discretion to decide which offense to charge and, indeed, whether to charge at all, it has the authority to negotiate the "unenhanced" sentence here. As an analogy, the State points out that it could offer a defendant charged with armed robbery a plea agreement on simple robbery.

¶ 25    We do not dispute that "the State's Attorney is endowed with the exclusive discretion to decide which of several charges shall be brought, or whether to prosecute at all." *People v. Jamison*, 197 Ill. 2d 135, 161 (2001). It is also true that this discretion permits the State to enter into plea agreements wherein the State, if it so chooses, may negotiate away the firearm element when a defendant is charged with armed robbery. See *People ex rel. Madigan v. Kinzer*, 232 Ill. 2d 179, 186 (2009); *People v. Eckhardt*, 127 Ill. 2d 146, 151-52 (1989); *People ex rel. Carey v. Cousins*, 77 Ill. 2d 531, 539 (1979). But that is not what happened here.

¶ 26    In the case at bar, defendant was charged with first degree murder. Unlike robbery and armed robbery, which are separate and distinct offenses, first degree murder is a single offense–there is no separate offense of "armed murder" or "enhanced murder." As noted above, section 5–8–1 of the Unified Code of Corrections provides in paragraph (a)(1)(d)(i) that when a defendant is found guilty of murder, 15 years "shall be added to the term of imprisonment imposed by the court" based on the fact that a firearm was used in the commission of the offense. This is a mandatory sentencing enhancement. In enacting section 5–8–1(a)(1)(d)(i), the legislature took away any discretion the State and trial court had to fashion a sentence that does not include this mandatory enhancement.

¶ 27    Citing *People v. Summers*, 291 Ill. App. 3d 656 (1997), the State also contends that, in negotiating the guilty plea, it could concede a version of the facts which would fail to acknowledge that a firearm was used in the commission of the offense and make sentencing concessions based on that set of facts. The *Summers* principle relied upon by the State is not relevant here. The version of the facts agreed to by the State and presented by it in the factual basis to the court established that a firearm was used in the commission of the offense. Thus, in this case, the mandatory sentence enhancement was triggered.

¶ 28    There is one more matter that needs to be addressed. In the appellate court, the State

argued that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the trial court had to make an actual finding that defendant was armed with a firearm in order to trigger the 15-year enhancement. Thus, according to the State, the 28-year sentence was not void. The appellate court rejected this argument, concluding that *Apprendi* claims cannot be raised on appeal from a guilty plea. See No. 1–07–2102 (unpublished order under Supreme Court Rule 23). Before this court, the State abandons the argument it made in the appellate court. It again cites *Apprendi*, but argues only that the lack of a finding by the trial court is evidence that the parties agreed defendant was pleading guilty to murder without the firearm sentencing enhancement. However, even if the State's argument is correct, as we discussed above, the parties could not agree to, and the trial court could not impose, a sentence that is not authorized by law.

¶ 29        In sum, we find the 28-year sentence imposed by the trial court was not valid. Defendant pled guilty to committing the offense of first degree murder and the factual basis provided to the court in support of defendant's plea made it clear that a firearm was used in the commission of the offense. Under these circumstances, the legislature has mandated that an additional period of 15 years must be added to the sentence. Thus, the trial court could not impose a sentence that did not include the 15-year mandatory enhancement. If we were to hold that the State could negotiate a sentence without the mandatory enhancement, it would render section 5–8–1(a)(1)(d)(i) and the legislature's clear intent in enacting this provision meaningless.

¶ 30                                        Conclusion

¶ 31        Because the trial court's imposition of the 28-year sentence pursuant to the plea agreement was void for noncompliance with section 5–8–1(a)(1)(d)(i), we affirm the appellate court's judgment reversing the order denying defendant's motion to vacate his guilty plea. The cause is remanded to the circuit court with directions to allow defendant to withdraw his guilty plea and proceed to trial, if he chooses.

¶ 32        Affirmed.

¶ 33        JUSTICE THEIS, specially concurring:

¶ 34        The majority opinion, which I join, acknowledges that the State has exclusive discretion to decide whether to prosecute. *Supra* ¶ 25. (citing *People v. Jamison*, 197 Ill. 2d 135, 161 (2001)). That discretion naturally includes latitude in choosing which offenses to charge and, ultimately, how to dispose of them–by proceeding to trial, or negotiating a guilty plea.

¶ 35        Plea bargaining is an important and, perhaps, the central component of our criminal justice system. *People v. Evans*, 174 Ill. 2d 320, 325 (1996) (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 361 (1978)). In 2009, more than 85% of all criminal convictions in Illinois resulted from guilty pleas (2009 Annual Report of the Illinois Courts, Statistical Summary 59), and the percentage is even higher in federal court (Ana Maria Gutierrez, Comment, *The Sixth Amendment: The Operation of Plea Bargaining in Contemporary Criminal Procedure,*

87 Denver U. L. Rev. 695, 709 (2010)). "If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities." *Santobello v. New York*, 404 U.S. 257, 260-61 (1971).

¶ 36 However, plea bargaining has value beyond reducing trial court case loads. In concluding that guilty pleas did not violate the fifth amendment, the United States Supreme Court discussed other advantages:

"[G]uilty pleas are not constitutionally forbidden, because the criminal law characteristically extends to judge or jury a range of choice in setting the sentence in individual cases, and because both the State and the defendant often find it advantageous to preclude the possibility of the maximum penalty authorized by law. For a defendant who sees slight possibility of acquittal, the advantages of pleading guilty and limiting the probable penalty are obvious–his exposure is reduced, the correctional processes can begin immediately, and the practical burdens of a trial are eliminated. For the State there are also advantages–the more promptly imposed punishment after an admission of guilt may more effectively attain the objectives of punishment; and with the avoidance of trial, scarce judicial and prosecutorial resources are conserved for those cases in which there is a substantial issue of the defendant's guilt or in which there is substantial doubt that the State can sustain its burden of proof. It is this mutuality of advantage that perhaps explains the fact that [a high percentage] of the criminal convictions in this country rest on pleas of guilty, a great many of them no doubt motivated at least in part by the hope or assurance of a lesser penalty than might be imposed if there were a guilty verdict after a trial to judge or jury." *Brady v. United States*, 397 U.S. 742, 751-52 (1970).

¶ 37 Clearly, sentencing is the driving force behind the plea bargaining process. But that process has become more challenging as the legislature has increased penalties for certain offenses through mandatory sentence enhancements. Section 5–8–1(a)(1)(d)(i) of the Unified Code of Corrections adds 15 years to the sentence of a defendant who committed first degree murder "while armed with a firearm." 730 ILCS 5/5–8–1(a)(1)(d)(i) (West 2008). Thus, when the defendant has a gun, the sentencing range for first degree murder shifts from 26 to 60 years to 35 to 75 years. The majority opinion states that the legislature took away the State's discretion to fashion a plea agreement, and the trial court to impose a term of imprisonment, below this higher range. *Supra* ¶ 26. This court has repeatedly observed that plea bargaining should be encouraged (see *People v. Boyt*, 109 Ill. 2d 403, 416 (1985)), so the question becomes whether the State can ever negotiate a guilty plea in this context where the sentencing recommendation is below 35 years' imprisonment. I believe the answer, implicit in the majority opinion, is yes.

¶ 38 Supreme Court Rule 402(c) provides, "The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. S. Ct. R. 402(c) (eff. July 1, 1997). Here, as the majority opinion notes, "The version of the facts agreed to by the State and presented by it in the factual basis to the court established that a firearm was used in the commission of the offense." *Supra* ¶ 27. According to the majority opinion, the factual basis triggered section 5–8–1(a)(1)(d)(i).

¶ 39    The majority opinion briefly discusses *People v. Summers*, 291 Ill. App. 3d 656, 657 (1997), where the appellate court held that the State could "legitimately concede" a version of the defendant's conduct that would result in concurrent sentences, rather than mandatory consecutive sentences. According to the majority opinion, the so-called *Summers* principle remains inapplicable here because the State presented a factual basis for the defendant's plea that established a firearm was used in the commission of this offense, thus triggering the 15-year mandatory sentence enhancement. *Supra* ¶ 27.

¶ 40    *People v. Keller*, 353 Ill. App. 3d 830 (2004), is more illuminating. In *Keller*, the defendant was charged with armed robbery. The sentencing range for that offense is 6 to 30 years (see 730 ILCS 5/5–8–1(a)(3) (West 2008)), but because the indictment alleged that the defendant had committed the offense while armed with a firearm, a 15-year mandatory sentence enhancement applied (see 720 ILCS 5/18–2(b) (West 2000)). Thus, the sentencing range became 21 to 35 years. Pursuant to a plea agreement, the State amended the indictment to allege that the defendant committed armed robbery with a dangerous weapon, and the defendant pleaded guilty. *Keller*, 353 Ill. App. 3d at 831. The court sentenced the defendant to 12 years' imprisonment, a term within the range for armed robbery. *Id.*

¶ 41    If the State wished to negotiate around the mandatory sentence enhancement here, it should have followed a similar course, amending the indictment and presenting a factual basis that referred to a dangerous weapon, rather than a firearm. Because it did not do so, the enhancement applied. The sentence that the defendant received was below the statutory range, and therefore void pursuant to *People v. Arna*, 168 Ill. 2d 107 (1995).