# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Stone*, 2013 IL App (1st) 111344

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDWARD STONE, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-11-1344 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions pursuant to his guilty plea to multiple counts of criminal sexual assault and one count of aggravated criminal sexual assault were upheld, but his sentences, resulting in an effective term of 24 years based on the order requiring the terms to be concurrent, were vacated and the cause was remanded for a new sentencing hearing, since section 5-8-4(a) of the Unified Code of Corrections required consecutive sentences for criminal sexual assault, and the statutory mandate could be satisfied by reconfiguring defendant's plea agreement in a way that would allow defendant to receive the benefit of his bargain. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 03-CR-18115, 03-CR-18117, 03-CR-18118, 03-CR-18119; the Hon. Colleen Ann Hyland, Judge, presiding. |
| Judgment | Affirmed in part and vacated in part; cause remanded. |

Counsel on Appeal      Michael J. Pelletier, Alan D. Goldberg, and Michael H. Orenstein, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

Panel      PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.

Justices Howse and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1      Following the dismissal of his section 2-1401 of the Code of Civil Procedure petition for relief from judgment (735 ILCS 5/2-1401 (West 2008)), defendant Edward Stone argues for the first time on appeal that his guilty plea should be vacated because his agreed-upon sentence is void. Specifically, defendant pled guilty to several counts of criminal sexual assault and one count of aggravated criminal sexual assault in exchange for several prison terms, most of which were imposed concurrently, but under section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a) (West 2002)), the sentences for criminal sexual assault were mandated to run consecutively. Defendant asks this court to void his plea agreement and remand for trial.

¶ 2      In August 2003, defendant was charged under case numbers 03 CR 18115, 03 CR 18116, 03 CR 18117, 03 CR 18118, and 03 CR 18119 for the repeated sexual assault of his stepdaughter, A.K., from 1992 until 2003. In March 2005, the trial court conducted plea proceedings. The following stipulated facts from the plea hearing were detailed in our opinion from defendant's direct appeal.

"In case number 03 CR 18115, defendant pleaded guilty to one count of criminal sexual assault in which A.K. would testify that on separate dates between September 1, 2000, and July 5, 2003, defendant routinely penetrated the victim by inserting his penis into her vagina by the use of force or threat of force. A.K. would ask defendant to stop and defendant would hold A.K. down and do it anyway. Defendant gave numerous statements to the police, his wife, an assistant State's Attorney (ASA), and medical personnel.

In case number 03 CR 18117, defendant pleaded guilty to one count of aggravated criminal sexual assault in which A.K. would testify that between January 1992 and February 1995, defendant, who was born October 6, 1965, would instruct A.K., who was born March 18, 1982, to place her mouth on his penis. He told her to move her head up and down and to go faster. This would last between 5 and 25 minutes. During the course of these incidents, defendant would threaten A.K. that he would kill her, her mother, and

himself if she did not comply. Defendant gave oral statements to the police and medical personnel as well as a written confession to an ASA.

In case number 03 CR 18118, defendant pleaded guilty to two counts of criminal sexual assault in which A.K. would testify that between July 6, 2003, and July 20, 2003, defendant would tell her to place her mouth on his penis. He told her to move her head up and down and that 'you like it, you need to suck it.' A.K. would cry and ask defendant to stop, but defendant would threaten to kill her if she did not comply. Defendant would further place a condom on his penis and insert his penis into A.K.'s vagina, using his weight to hold her down. A.K. would repeatedly ask defendant to stop, that he was hurting her. Defendant would not comply with her pleas. These acts routinely occurred on separate dates against A.K.'s will with force and the threat of force. Defendant provided a written statement to an ASA admitting to his participation in those events and to the force he used.

In case number 03 CR 18119, defendant pleaded guilty to one count of criminal sexual assault in which A.K. would testify that between July 25, 2000, and August 31, 2000, defendant forced her to put her mouth on his penis and perform oral sex on him. This was done by the use of force and threatening the imminent use of force to A.K. without her consent or permission. Defendant provided a written statement admitting to committing these acts with A.K." *People v. Stone*, 374 Ill. App. 3d 980, 981-82 (2007).

¶ 3 In exchange for the guilty plea, the State moved to nol-pros the indictment in case number 03 CR 18116. The trial court found a sufficient factual basis to support defendant's guilty pleas and that the pleas were made intelligently and voluntarily. In allocution, defendant stated "I didn't kill anybody and I did not force her, okay, I didn't force her, God is with me."

¶ 4 The trial court then imposed the following agreed-upon sentences: 15 years for criminal sexual assault in case number 03 CR 18115; 24 years for aggravated criminal sexual assault in case number 03 CR 18117; 15 years for count I (criminal sexual assault) and 9 years for count II (criminal sexual assault) in case number 03 CR 18118; and 15 years for criminal sexual assault in case number 03 CR 18119. The sentences for all cases were to run concurrently, except the two counts in case number 03 CR 18118, which were to run consecutive to each other. Under this concurrent sentence structure, defendant, in effect, received a 24-year sentence.

¶ 5 Defendant filed a motion to withdraw his plea, arguing that the statute of limitations had expired for some of the offenses, that the prosecutor made false and inflammatory statements at the plea hearing, and that defendant denied he committed these offenses by the use of force. The trial court denied defendant's motion. On direct appeal, defendant asserted that the indictment in case number 03 CR 18117 for aggravated criminal sexual assault failed to allege that the act was committed with force or the threat of force, the statute of limitations had expired for the indictments in case numbers 03 CR 18117 and 03 CR 18119, and the trial court erred in denying his motion to withdraw his guilty plea because he never stipulated to the use of force and the State made false statements about his confession. We affirmed defendant's conviction and sentence. See *People v. Stone*, 374 Ill. App. 3d 980 (2007).

¶ 6     In December 2010, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Defendant alleged that the trial court failed to advise him that the sentences for the two counts of criminal sexual assault in case number 03 CR 18118 were required to be served consecutively and the trial court was without statutory authority to impose these consecutive sentences because the trial court failed to make a finding that the acts were committed in a single course of conduct. The trial court dismissed defendant's petition, finding that defendant had been advised about the consecutive sentences and that the consecutive sentences in case number 03 CR 18118 were proper because each sentence was based on a separate sexual act.

¶ 7     This appeal followed.

¶ 8     On appeal, defendant challenges his entire plea agreement as void because the trial court was required to impose consecutive sentences for his criminal sexual assault convictions in case numbers 03 CR 18115, 18118 and 18119 pursuant to section 5-8-4 of the Unified Code of Corrections (730 ILCS 5/5-8-4 (West 2002)).

¶ 9     The case is before us on appeal from the trial court's dismissal of defendant's petition for relief from judgment pursuant to section 2-1401. Section 2-1401 allows for relief from final judgments more than 30 days but not more than 2 years after their entry, provided the petition proves by a preponderance of evidence certain elements. 735 ILCS 5/2-1401 (West 2010); see also *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009). "Petitions brought on voidness grounds need not be brought within the two-year time limitation. Further, the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). However, defendant did not present his current voidness argument in his petition, but raised it for the first time on appeal. Illinois law holds that a void sentence may be attacked at any time. *People v. Marshall*, 242 Ill. 2d 285, 302 (2011).

¶ 10    Defendant asks this court to find his plea agreement void because the trial court imposed concurrent, rather than consecutive, sentences for several of his convictions. In Illinois, plea agreements are encouraged and are considered "vital to and highly desirable for our criminal justice system." *People v. Evans*, 174 Ill. 2d 320, 325 (1996). "Although plea agreements exist in the criminal justice structure, they are governed to some extent by contract law principles." *Evans*, 174 Ill. 2d at 326. "Absent due process concerns, the validity of a plea agreement is generally governed by contract law." *People v. Bannister*, 236 Ill. 2d 1, 9 (2009).

¶ 11    As the supreme court has observed, "[a] defendant has no absolute right to withdraw his guilty plea." *People v. Hughes*, 2012 IL 112817, ¶ 32. "Rather, he must show a manifest injustice under the facts involved. [Citation.] Withdrawal is appropriate where the plea was entered through a misapprehension of the facts or of the law or where there is doubt as to the guilt of the accused and justice would be better served through a trial." *Hughes*, 2012 IL 112817, ¶ 32. Defendant does not assert that his guilty pleas were entered into unknowingly or involuntarily, but seeks to void his plea agreement and go to trial because his concurrent sentences were required to be served consecutively. Moreover, he does not assert that there was a manifest injustice to merit the withdrawal of his guilty plea, but instead that his plea

is void because his sentences were imposed improperly. Defendant does not raise a constitutional violation nor does he allege that he has failed to receive the benefit of the bargain from his negotiated plea agreement.

¶ 12    The question before this court is whether the mutual mistake of an improperly imposed concurrent sentence voids a negotiated plea agreement.

¶ 13    In case numbers 03 CR 18115 and 18119, defendant pled guilty in each case to one count of criminal sexual assault and in case number 03 CR 18118, defendant pled guilty to two counts of criminal sexual assault. Criminal sexual assault is a Class 1 felony (720 ILCS 5/12-13 (West 2002)[1]), with a sentencing range of not less than 4 years and not more than 15 years (730 ILCS 5/5-8-1(a)(5) (West 2002)[2]). Under the negotiated plea, the trial court sentenced defendant to 15 years for the convictions in case numbers 03 CR 18115 and 18119, and 15 years and 9 years for the two convictions in case number 03 CR 18118. The sentences were to be served concurrently with the exception that the two convictions in case number 03 CR 18118 be served consecutive to each other, but concurrent to the other convictions.

¶ 14    In case number 03 CR 18117, defendant pled guilty to one count of aggravated criminal sexual assault. However, the aggravated criminal sexual assault conviction does not trigger mandatory consecutive sentencing because the version of section 5-8-4(a) in effect at the time of the sexual assaults only required consecutive sentencing when the acts were committed in a single course of conduct. See 730 ILCS 5/5-8-4(a) (West 1996); see also *People v. Bole*, 155 Ill. 2d 188 (1993). The indictment in case number 03 CR 18117 alleged aggravated criminal sexual assault over a period of three years from 1992 to 1995.

¶ 15    Section 5-8-4(a) directs the trial court to impose consecutive sentences when multiple sentences of imprisonment are imposed at the same time and the defendant was convicted of a specified triggering offense, including criminal sexual assault. 720 ILCS 5/5-8-4(a)(ii) (West 2002). Under section 5-8-4(a), "any consecutive sentences imposed for triggering offenses be served prior to, and independent of, any sentences imposed for nontriggering offenses." *People v. Curry*, 178 Ill. 2d 509, 539 (1997). The supreme court has held that concurrent sentences are void when consecutive sentences were required under the sentencing statutes. *People v. Bishop*, 218 Ill. 2d 232, 254 (2006). Since defendant pled guilty to the triggering offense of criminal sexual assault, the trial court should have imposed consecutive sentences pursuant to section 5-8-4(a).

¶ 16    Defendant has never asserted that his plea agreement was premised on specific sentences and that he would be deprived the benefit of his bargain if the sentences were reconfigured to be in line with the applicable statutes. Rather, defendant consistently contends that his sentences were required to be consecutive, which renders the entire sentence and plea agreement void.

¶ 17    Defendant relies on the decision in *People v. White*, 2011 IL 109616, for support in his argument. In that case, the defendant pled guilty to first-degree murder in exchange for a 28-

---

[1]Now codified at 720 ILCS 5/11-1.20 (West 2010).

[2]Now codified at 730 ILCS 5/5-4.5-30 (West 2010).

year sentence. Six days later, the defendant orally moved to withdraw his plea, arguing that the plea was involuntary, and a few days later, the defendant filed a written motion to withdraw his plea. In addition to his involuntary argument, the defendant asserted that he was not properly admonished about the sentencing range because he was subject to the 15-year mandatory firearm enhancement for being armed with a firearm, making the minimum sentence for first-degree murder 35 years. The defendant contended that his sentence was not authorized by statute and was void. *White*, 2011 IL 109616, ¶¶ 4-9. The trial court denied the defendant's motion, finding that the enhancement did not apply because he was found guilty of murder under an accountability theory and that even if the enhancement did apply, the defendant suffered no prejudice in the sentence. *White*, 2011 IL 109616, ¶ 11.

¶ 18     The supreme court observed that because the firearm enhancement was triggered, the defendant was subject to a mandatory minimum sentence of 35 years, more than the 28 years he received. *White*, 2011 IL 109616, ¶ 19. The *White* court pointed out that a court does not have the authority to impose a sentence that does not conform to statutory guidelines. *White*, 2011 IL 109616, ¶ 20 (citing *People v. Whitfield*, 228 Ill. 2d 502, 511 (2007)). The supreme court, citing *People v. Arna*, 168 Ill. 2d 107, 113 (1995), held that the sentence was void because it failed to conform to statutory guidelines. The court also found the plea agreement to be void because the defendant was not properly admonished. *White*, 2011 IL 109616, ¶ 21. The supreme court reasoned that the legislature, by enacting the firearm enhancement provision, "took away any discretion the State and trial court had to fashion a sentence that does not include this mandatory enhancement." *White*, 2011 IL 109616, ¶ 26. Since the defendant pled guilty to first-degree murder and the factual basis indicated that a firearm had been used in the commission of the offense, the mandatory enhancement was triggered and the trial court "could not impose a sentence that did not include the 15-year mandatory enhancement." *White*, 2011 IL 109616, ¶ 29.

¶ 19     The Illinois Supreme Court recently addressed this issue in *People v. Donelson*, 2013 IL 113603. There, the defendant pled guilty to first degree murder, aggravated criminal sexual assault, and home invasion. In exchange, the defendant agreed to a sentence of concurrent prison terms of 50, 30, and 30 years, respectively; for a total of 50 years' imprisonment. *Donelson*, 2013 IL 113603, ¶ 8. However, under section 5-8-4, the conviction for aggravated criminal sexual assault triggered mandatory consecutive sentences and the trial court should have imposed consecutive sentences for the murder and aggravated criminal sexual assault convictions. *Donelson*, 2013 IL 113603, ¶ 15. The appellate court held that the sentencing structure was void, but declined to void the plea agreement. Instead, the appellate court found that the plea agreement and the intent of the parties could be implemented by resentencing the defendant in accordance with the plea agreement and the applicable sentencing statutes. *Donelson*, 2013 IL 113603, ¶ 13.

¶ 20     On appeal to the supreme court, the defendant, like defendant in the instance case, argued that the supreme court's decision in *People v. White* controlled and resolved the question because " 'void is void.' " *Donelson*, 2013 IL 113603, ¶ 16. The defendant contended that his plea agreement included a negotiation for specific sentences, not a sentencing cap. The State responded that the remedy implemented by the appellate court would give the defendant the essential terms of his bargain, a total sentence of 50 years. The State further

noted that it would be prejudiced if forced to try the defendant's case more than 14 years after he committed the crimes.

"The State notes that 'plea agreements, like all contracts, occasionally include mistakes of law or fact,' and suggests that the 'equitable solution' reached by the appellate court in this case makes way for reformation of the parties' agreement in such a way as to give both parties the benefits of their bargain." *Donelson*, 2013 IL 113603, ¶ 17.

¶ 21 The supreme court agreed with the State, recognizing the importance of negotiated plea agreements in the criminal justice system. *Donelson*, 2013 IL 113603, ¶ 18.

"Where a plea rests in any significant degree upon a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration for the plea, that feature of the agreement must be fulfilled. *Hughes*, 2012 IL 112817, ¶ 68. The principal inquiry, in that respect, is whether the defendant has received the benefit of his bargain. *Hughes*, 2012 IL 112817, ¶ 69. Though rarely emphasized in this court's jurisprudence, the other half of the contractual equation is the benefit of the bargain accruing to the State, a consideration that looms larger as the temporal gap between the commission of the offenses and attempts to withdraw the guilty plea widens." *Donelson*, 2013 IL 113603, ¶ 19.

¶ 22 The *Donelson* court observed that both the State and the defendant were mistaken in their belief that the defendant's sentences could be imposed to run concurrently. "However, pursuant to contract principles, contracting parties' mutual mistake may be rectified by recourse to contract reformation (*Czarobski v. Lata*, 227 Ill. 2d 364, 371-72 (2008)), where they are in actual agreement and their true intent may be discerned (*Wheeler-Dealer, Ltd. v. Christ*, 379 Ill. App. 3d 864, 869 (2008))." *Donelson*, 2013 IL 113603, ¶ 20.

¶ 23 The supreme court detailed the procedural history of defendant's case and found his claim that he negotiated for specific sentences to "ring[ ] hollow." The court also distinguished its decision in *White* from the present issue before the court. The court pointed out two differences: "this defendant does not claim that he was improperly admonished regarding sentencing ranges for individual sentences when he agreed to a 50-year sentence," and "defendant's sentence can be reconfigured, consistently with statutory mandates, in such a way as to give him the benefit of his bargain." *Donelson*, 2013 IL 113603, ¶ 27. The court concluded that the defendant's plea can be fulfilled and remanded to the trial court for resentencing in accordance with the plea agreement and applicable statutes. *Donelson*, 2013 IL 113603, ¶¶ 28-29.

¶ 24 Here, as in *Donelson*, defendant's negotiated plea agreement can be fulfilled under the applicable statutory guidelines. Defendant has never asserted that his plea agreement was premised on specific sentences and that he would be deprived the benefit of his bargain if the sentences were reconfigured to be in line with the applicable statutes. Rather, defendant consistently contends that his sentences were required to be consecutive, which renders the entire sentence and plea agreement void.

¶ 25 Defendant pled guilty to four counts of criminal sexual assault under three indictments, a Class 1 felony with a sentencing range of 4 to 15 years. All of these convictions trigger the imposition of consecutive sentences. Defendant also pled guilty to one count of aggravated

criminal sexual assault, a Class X felony with a sentencing range of 6 to 30 years. As previously noted, this conviction is not subject to section 5-8-4(a), but this nontriggering offense must be served after the completion of the consecutive terms. An aggregate term of 24 years could be imposed in compliance with the applicable sentencing ranges and the mandatory consecutive sentences. Under *Donelson*, defendant's plea agreement can be reconfigured within statutory mandates so that he can receive the benefit of his bargain. Accordingly, we remand for resentencing in accordance with defendant's plea agreement and the relevant statutes.

¶ 26    Based on the foregoing reasons, we affirm defendant's convictions, vacate his sentences and remand for a new sentencing hearing consistent with this opinion.

¶ 27    Affirmed in part and vacated in part; cause remanded.