THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRIAN WILSON, Defendant-Appellant.

Second District    Nos. 2—95—1422 through 2—95—1424 cons.

Opinion filed January 24, 1997.—Rehearing denied February 11, 1997.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BOWMAN delivered the opinion of the court:

On October 20, 1994, defendant, Brian Wilson, was charged with aggravated battery (720 ILCS 5/12—4(b)(8) (West 1994)). On January 10, 1995, defendant was charged with unlawful possession of a controlled substance (720 ILCS 570/402(c) (West 1994)). Defendant posted bond for both offenses. On February 22, 1995, while on pretrial release, defendant was charged with forgery (720 ILCS 5/17—3(a)(2) (West 1994)) and aggravated battery of a peace officer (720 ILCS 5/12—4(b)(6) (West 1994)).

On July 28, 1995, defendant entered a negotiated plea of guilty to all charges. In exchange for the guilty plea, the State agreed to nol-

pros the forgery charge and recommended a sentence cap of nine years' imprisonment for the three remaining counts. After describing the sentencing possibilities to defendant, admonishing him of his rights, and ensuring that he properly waived those rights, the trial court accepted the plea agreement and continued the case for sentencing.

On September 15, 1995, defendant filed a motion to withdraw his guilty plea. However, at the sentencing hearing on October 2, 1995, defendant withdrew the motion to withdraw his guilty plea. The trial court then imposed concurrent nine-year terms of imprisonment on each of the three remaining counts. Defendant's motion to reduce his sentence was denied by the trial court, and defendant thereafter filed this timely appeal.

Defendant has two contentions on appeal: (1) the trial court erred in imposing a concurrent, rather than a consecutive, sentence on the charge of aggravated battery of a peace officer; and (2) the trial court erred in imposing a nine-year sentence on the charge of unlawful possession.

■ The State initially contends that this case is controlled by our supreme court's recent opinion in *People v. Evans*, 174 Ill. 2d 320 (1996). The State argues that we do not have jurisdiction to hear defendant's appeal under *Evans*. We disagree with the State.

In *Evans*, two defendants entered into negotiated plea agreements with the State before separate trial courts. Under the general terms of the agreements, each defendant was to plead guilty to one set of charges in exchange for the dismissal of other charges and recommended specific sentences of imprisonment. In both cases, after carefully complying with Supreme Court Rule 402 (134 Ill. 2d R. 402), the trial courts concurred in the negotiated plea agreements and sentenced the defendants to the recommended terms of imprisonment. Thereafter, each defendant filed motions to reduce their sentences. In both cases, the trial courts denied the motions because the sentences imposed were the products of negotiated, rather than open, plea agreements. Both appellate courts reversed and remanded, instructing the trial courts to exercise their discretion in considering the motions to reduce sentences under Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). *Evans*, 174 Ill. 2d at 322.

The supreme court agreed with the trial courts and held that Rule 604(d) does not apply to negotiated plea agreements. *Evans*, 174 Ill. 2d at 332. The court stated that the defendants were attempting "to hold the State to its part of the bargain while unilaterally modifying the sentences to which they had earlier agreed. Such a practice flies in the face of contract law principles. [Citation.] It is also incon-

sistent with constitutional concerns of fundamental fairness." *Evans*, 174 Ill. 2d at 327. In other words, under the defendants' argument, an accused

> "could negotiate with the State to obtain the best deal possible in modifying or dismissing the most serious charges and obtain a lighter sentence than he would have received had he gone to trial or entered an open guilty plea, and then attempt to get that sentence reduced even further by reneging on the agreement." *Evans*, 174 Ill. 2d at 327-28.

As a result of negotiated plea bargaining, "the guilty plea and the sentence 'go hand in hand' as material elements of the plea agreement." *Evans*, 174 Ill. 2d at 325. Therefore, the court held that "following the entry of judgment on a negotiated guilty plea, even if a defendant wants to challenge only his sentence, he must move to withdraw the guilty plea and vacate the judgment so that, in the event the motion is granted, the parties are returned to the *status quo*." *Evans*, 174 Ill. 2d at 332.

However, the court also noted that, in situations where the trial court exercises its discretion in sentencing defendants, "[b]oth good public policy and common sense dictate that defendants *** be allowed to challenge only their sentences without being required to withdraw their guilty pleas." *Evans*, 174 Ill. 2d at 332, citing *People v. Wilk*, 124 Ill. 2d 93, 110 (1988); *People v. Wallace*, 143 Ill. 2d 59, 60 (1991).

Thus, the distinguishing feature of *Evans* is that the defendants there agreed to specific sentences in exchange for their guilty pleas. In those situations, the trial courts exercised no discretion in sentencing the defendants. In contrast, defendant here agreed to a sentence cap of nine years rather than a specific sentence. Thus, the trial court had the discretion to determine the appropriate sentence for defendant in relation to the cap. The State's reading of *Evans* is therefore too broad because the same policies which apply to open guilty pleas apply in a case such as this, where the trial court has the discretion to sentence defendant.

Our decision is supported by case law from this court. In *People v. Soles*, 226 Ill. App. 3d 944, 947 (1992), we held that a defendant who pleaded guilty in exchange for a sentence cap of 20 years was entitled to file a motion to reduce his sentence because he only "agreed to accept any .*** sentence if the trial court properly exercised its discretion in imposing it." In other words, "it is at least a fair inference from *Soles* that, if a trial court exercises no discretion in imposing the sentence, a defendant may not challenge it." *People v. Wendt*, 283 Ill. App. 3d 947, 952 (1996). In this case, rather

than merely imposing an agreed-upon sentence, the trial court had the discretion to sentence defendant to any term within the nine-year cap agreed to between the parties. Thus, contrary to the State's argument, we have jurisdiction to review defendant's appeal.

■ Defendant's first contention is that the trial court erred in imposing concurrent, rather than consecutive, sentences for the aggravated battery charges. We agree.

Section 5—8—4(h) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(h) (West 1994)) governs sentencing in a case such as this. That section states:

"If a person charged with a felony commits a separate felony while on pre-trial release ***, the sentences imposed upon conviction of these felonies shall be served consecutively regardless of the order in which the judgments of conviction are entered." 730 ILCS 5/5—8—4(h) (West 1994).

In this case, defendant was charged with aggravated battery, a felony, and posted bond for that offense on December 17, 1994. While on release, he allegedly committed the felony of aggravated battery of a peace officer on February 9, 1995. As even the trial court stated to defendant, the sentences for these offenses "could be mandatory consecutive." Under section 5—8—4(h) of the Code (730 ILCS 5/5—8—4(h) (West 1994)), the sentences were in fact "mandatory consecutive" because defendant committed "a separate felony [the aggravated battery of a peace officer] while on pre-trial release." 730 ILCS 5/5—8—4(h) (West 1994). It was therefore error for the trial court to impose concurrent sentences for the two aggravated battery felonies.

As a result of the trial court's error, we must determine how to dispose of defendant's appeal. It is well settled that "[a] sentence which does not conform to a statutory requirement is void." *People v. Arna*, 168 Ill. 2d 107, 113 (1995) (declaring void a sentence issued in error under section 5—8—4(a) of the Code). As the *Arna* court further stated, where an order "imposing concurrent terms [is] void, the appellate court [has] the authority to correct it at any time." *Arna*, 168 Ill. 2d at 113, citing *People v. Wade*, 116 Ill. 2d 1, 6 (1987). Because the trial court's sentences in this case were void for noncompliance with section 5—8—4(h) of the Code, we vacate defendant's concurrent sentences for aggravated battery and aggravated battery of a peace officer and remand the case for a determination of the appropriate sentences to be imposed consecutively.

We also note that, pursuant to section 5—8—1(c) of the Code (730 ILCS 5/5—8—1(c) (West 1994)), defendant's new sentences for these offenses cannot be increased to a term greater than the nine years

previously imposed. See *People v. Jones*, 168 Ill. 2d 367, 371 (1995); *People v. Kilpatrick*, 167 Ill. 2d 439, 446-47 (1995).

■ Before concluding, we also briefly note defendant's second contention: the trial court erred in sentencing him to a nine-year sentence for unlawful possession of a controlled substance. Defendant was charged with possessing less than 15 grams of cocaine in violation of section 402(c) of the Illinois Controlled Substances Act (720 ILCS 570/402(c) (West 1994)). This offense is a Class 4 felony punishable by a nonextended term of one to three years' incarceration and an extended term of three to six years' incarceration. 730 ILCS 5/5—8—1(a)(7) (West 1994). The trial court therefore erred in sentencing defendant to a nine-year term of imprisonment in contravention of the authorized maximum extended term. See *Arna*, 168 Ill. 2d at 113. Thus, defendant's sentence for unlawful possession of a controlled substance is void. Accordingly, on remand the trial court must not sentence defendant to more than six years' imprisonment for unlawful possession of a controlled substance, the maximum extended-term sentence possible under the Code.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for proceedings consistent with this order.

Reversed and cause remanded with directions.

INGLIS and RATHJE, JJ., concur.