THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STEVEN D. SUMMERS, Defendant-Appellant.

Fifth District    No. 5—95—0720

Opinion filed September 4, 1997.

HOPKINS, J., dissenting.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Henry Bergmann, State's Attorney, of Carlyle (Norbert J. Goetten, Stephen E. Norris, and Rebecca Sanders, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KUEHN delivered the opinion of the court:

This case features that old adage that cautions restraint in what one seeks. Defendant challenges a disposition of his own making. Defendant wants us to undo his negotiated guilty pleas precisely because they bestow what defendant asked for and wanted.

Defendant insisted upon concurrent prison terms in return for his two guilty pleas. The State embraced his demand. Defendant entered two negotiated pleas and received the concurrent sentences he desired. Pursuant to his plea bargain, defendant obtained two concurrent 60-year prison terms.

On appeal, defendant complains that he bargained for sentences that he did not deserve. He raises the law's design that assures consecutive sentences for those who commit crimes like his. Defendant inveighs his prior position and insists that his crimes deserve nothing less than consecutive punishment.

This call for consecutive sentences is a paradox that resolves itself by understanding its true purpose. Defendant does not want the consecutive sentences that he now claims he deserves. Defendant exposes his negotiated dodge of the law's design to shed the sentences he earlier sought and obtained. Defendant's purpose is to slip his plea bargain's promise. Defendant's negotiated pleas, and the agreed-upon sentences those pleas confer, are inseparable elements material to the plea bargain. See *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). If consecutive sentences are required, defendant's concurrent sentences are void. *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995). If concurrent sentences are void, defendant clearly entered his pleas unaware of their true consequence. Defendant's goal is to jettison his guilty pleas and start the criminal process anew.

We must decide whether the bargained-for concurrent sentences are void. Our decision turns on whether plea bargaining empowers the State to concede the existence of criteria that force the imposition of mandatory consecutive sentences.

In this case, defendant's multiple crimes allowed for several interpretations that placed mandatory consecutive sentences in question. Under the circumstances, the State could legitimately concede that version of defendant's crimes necessary for consecutive-sentence imposition. Defendant's concurrent sentences are the valid product of the plea bargain defendant pursued and obtained. Since mandatory consecutive sentences are not clearly required, defendant's sentences are not void and his guilty pleas are sound. We affirm.

Defendant pled guilty to two attempts at first-degree murder. The attempts involved point-blank gunfire into the face of each intended murder victim. Miraculously, an elderly man and wife sustained close-range head shots and survived.

■ Defendant raises section 5—8—4(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5—8—4(a) (West 1994)) and argues that the crimes meet its criteria for mandatory consecutive sentences. Section 5—8—4(a) reads, in pertinent part:

"The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury \*\*\*, in which event the court shall enter sentences to run consecutively." 730 ILCS 5/5—8—4(a) (West 1994).

No one disputes the fact that defendant inflicted severe bodily injury. Nor is there quarrel over the classification of the two attempted first-degree murders. Both are Class X felonies that qualify for mandatory consecutive sentences. See *People v. Perkins*, 274 Ill. App. 3d 834, 837, 655 N.E.2d 325, 328 (1995). The decisive factor is the nature of the crimes' objective and whether it changed significantly during the crimes' course.

Defendant boasts a criminal objective that remains constant during his efforts at multiple murder. He claims that the constant objective was to hijack the victims' car. Defendant argues that the attempted murders were merely a part of the overall hijacking scheme. Thus, defendant offers two attempted murders committed as part of a single course of conduct absent substantial change in criminal objective.

For the first time on appeal defendant reveals the true objective behind his deadly deeds. He simply wanted to use the elderly couple's car. Unfortunately, they were in it. Murder was merely the means he chose to remove them from the object of his desire.

With this construct of events, defendant asserts that his two attempted murders fit the third criterion for mandatory consecutive sentences. Defendant's offering provides a version of conduct that nullifies the concurrent sentences he once pursued. Nevertheless, defendant is not free to ascribe any reason for his conduct that suits his immediate purpose. Although defendant enlightens the obscurity that served to his advantage at earlier plea proceedings, his present account does not suddenly undo the plea-bargained determination of events.

Nothing compels us to accept defendant's present version of his criminal objective. Defendant's attempts to bring death to two elderly people may well have been a constant part of his plan to obtain their Cadillac. But there are other plausible views that suggest that the murder attempts developed independently of and apart from the hijacking objective.

The crimes' course creates ambiguity that imparts doubt as to the overall plan. The defendant first demands at gunpoint that the

occupants exit the car. Neither driver nor passenger complies. At that moment, a passerby notices the crime, slows, and pulls off the highway. The driver flees for the slowing vehicle. Defendant chases her. He fires shots at the vehicle which, in turn, flees the scene. He then approaches an elderly woman and plants a bullet into her face.

A question mounts, based on how this shooting occurs. Was the intended murder victim marked for death from the start or did her reaction spur an otherwise unplanned bullet to the head? The State suggests that defendant's objective changed to the use of deadly force when someone stopped to help.

We are not convinced that defendant's objective changed. Nevertheless, the hijacking obviously strays from its initial course. It develops into a series of events that could not have been anticipated. It is entirely possible that defendant intended only to commit hijacking and, in its unanticipated course, developed an unplanned murderous bent. He may have departed to murder in frustration or anger, or in fear of capture, or simply to satisfy a spontaneous urge to avenge his victims' disdain for his power. It is also possible that he simply enjoyed firing a bullet into the frightened gaze of a senior citizen. He may have enjoyed it so much that he decided to repeat the experience for its pure pleasure.

Whether defendant's attempts were merely a part of a constant hijacking objective or were a substantial departure from that objective is not for us to decide. The critical point for us is that the issue was equivocal enough for a negotiated determination. There are potential constructs that do not fit mandatory consecutive sentences.

The law's machinery does not prevent the State, given the facts of this case, from negotiating a plea that surrenders a construct necessary to produce mandatory consecutive sentences. Prosecutors routinely negotiate disputed facts. They abide crime versions markedly different from their true view of events in order to achieve plea-bargained dispositions. Under proper circumstances, the law tolerates fact-based concessions as a legitimate negotiation tool.

In this case, the State decided, at defendant's behest, to abide a version of defendant's crimes that allowed for concurrent sentences. The State chose to accept the fact that defendant developed a new objective, apart from the hijacking, when he turned to his murderous ways. Since the constancy of defendant's criminal objective was uncertain, the State legitimately relinquished one plausible alternative. The State conceded that the two attempted murders were committed during a single course of conduct without substantial change in criminal objective. The concession finds support in two separate and distinct attempts at murder that do not necessarily share car hijacking as their mutual underlying objective.

Defendant relies upon *Arna*. After a bench trial, Arna was found guilty of two attempted murders. *Arna*, 168 Ill. 2d at 109-10, 658 N.E.2d at 447. The evidence at trial established that Arna's sole purpose was to shoot and kill his two victims. *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448. He tracked his unfaithful lover to a local currency exchange, where she and her companion were gunned down. *Arna*, 168 Ill. 2d at 110, 658 N.E.2d at 447. The trial judge sentenced Arna to two concurrent prison terms. *Arna*, 168 Ill. 2d at 109-10, 658 N.E.2d at 447. Arna appealed. *Arna*, 168 Ill. 2d at 110, 658 N.E.2d at 447. The appellate court, on its own, invoked the command of section 5—8—4(a) and ordered the imposition of consecutive sentences. *Arna*, 168 Ill. 2d at 112, 658 N.E.2d at 448. Thereafter, our supreme court affirmed. *Arna*, 168 Ill. 2d at 115, 658 N.E.2d at 448.

In affirming the appellate court's imposition of consecutive sentences under section 5—8—4(a), the supreme court noted:

> "[T]here was no substantial change in defendant's criminal objective from one shooting to the next. His clear intent from the start was to shoot and kill both victims. *** This was not a case where defendant intended to commit one crime[ ] and in the course of that crime developed a new objective and committed another." *Arna*, 168 Ill. 2d at 113, 658 N.E.2d at 448.

In our case, the constancy of the criminal objective is not as clear. It is not beyond the pale of reason to conclude that defendant intended to commit one crime and in the course of that crime developed a new objective and committed others.

The facts of our case present an open question on the applicability of mandatory consecutive sentences. There is sound reason to conclude that the hijacking plan, start to finish, did not call for murder attempts on two people. In any event, the question was resolved in defendant's favor at defendant's request. The open question was determined through negotiation. The plea bargain adopts a version of defendant's multiple crimes that facilitates concurrent sentences.

We note that our decision is compatible with *People v. Wilson*, 286 Ill. App. 3d 169, 675 N.E.2d 292 (1997), *appeal allowed*, 173 Ill. 2d 545 (1997), a recent case offered by defendant in support of his argument. *Wilson* reaffirms the proposition that concurrent sentences must be vacated where criteria require mandatory consecutive sentences. *Wilson*, 286 Ill. App. 3d at 173, 675 N.E.2d at 295.

Wilson committed several crimes while on pretrial release pending felony charges. *Wilson*, 286 Ill. App. 3d at 170, 675 N.E.2d at 293. There was no question that mandatory consecutive sentencing applied to his new charges, under section 5—8—4(h) of the Code (730 ILCS 5/5—8—4(h) (West 1994)). Wilson negotiated guilty pleas to two

original charges and a charge leveled for conduct engaged in while on pretrial release. *Wilson*, 286 Ill. App. 3d at 170, 675 N.E.2d at 293. The State recommended a cap of nine years' imprisonment on the three guilty pleas. *Wilson*, 286 Ill. App. 3d at 170-71, 675 N.E.2d at 293. Defendant was sentenced to three concurrent nine-year prison terms. *Wilson*, 286 Ill. App. 3d at 171, 675 N.E.2d at 293.

We vacated the sentences. Sentences that do not conform to statutory requirements are void. *Wilson*, 286 Ill. App. 3d at 173, 675 N.E.2d at 295, citing *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995). We did not vacate the guilty pleas but remanded for appropriate sentences to be imposed consecutively. *Wilson*, 286 Ill. App. 3d at 173, 675 N.E.2d at 295.

The plea bargain in *Wilson* involves a pretrial release offense. Therefore, the State could not surrender mandatory consecutive sentencing's applicability. The key to consecutive sentences under section 5—8—4(h) is never open to dispute. When the State obtained a guilty plea on the pretrial release offense, the law required a consecutive sentence. The only way to negotiate concurrent sentences when the sole criterion for consecutive sentences is a section 5—8—4(h) violation is to dismiss those offenses committed on pretrial release in return for pleas on the original charges.

■ Unlike section 5—8—4(h), section 5—8—4(a) turns on mandatory consecutive-sentencing criteria that can be subject to interpretation. The criteria fall within the State's power to negotiate. When the criminal objective is unclear, the State can adopt a multiple-crime version that allows for concurrent sentences. In our case, the State could negotiate a factor needed for mandatory consecutive sentences. It could expressly concede the disputed key to consecutive sentencing in order to facilitate guilty pleas. That is precisely what it did.

Defendant evoked the State's legitimate power to view his crimes in a way that perfected his desire. It is not until appeal that he complains of a harsher truth. He betrays the concession as an escape from just punishment. Indeed, the punishment is a product of his own making. Defendant sought two concurrent 60-year prison terms. He pursued and obtained the resolution of factual uncertainty to favor his desire for concurrent time. In return, his two victims were spared trial's ordeal.

We fail to see any injustice in this case. Defendant successfully pursued a punishment that once suited his purpose. He may regret the harsh reality of that punishment, but he cannot escape the fulfillment of his pursuits. This case marks a simple justice not always found. Here, defendant truly got what he asked for.

662

For the foregoing reasons, the judgment of the circuit court of Clinton County is hereby affirmed.

Affirmed.

RARICK, J., concurs.

JUSTICE HOPKINS, dissenting:

As much as I find logic in the analysis of the majority, I must respectfully dissent. In examining *People v. Arna*, 168 Ill. 2d 107, it is clear that the dissent of Justice Nickels makes the same logical analysis as does the majority herein. However, *Arna* clearly holds that the imposition of concurrent sentences is a void sentence when the offenses are committed in a single course of conduct. The two attempted murders by the defendant Summers are clearly part of a single course of conduct in his effort to steal a car. The position of the majority attempting to define the facts otherwise is more imaginative than real, and the plea should be vacated.