# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Deng*, 2013 IL App (2d) 111089

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARENG DENG, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-1089 |
| Filed | June 14, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's agreement to plead guilty to first-degree murder in exchange for a sentence of 35 years' imprisonment for shooting the victim of a residential burglary was void, since he was not admonished about the mandatory sentencing enhancement of 25 years to life that applied to his offense; therefore, the judgment was vacated and the cause was remanded to allow defendant to withdraw his plea and proceed to trial. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 07-CF-2958; the Hon. Allen M. Anderson, Judge, presiding. |
| Judgment | Vacated and remanded. |

| Counsel on Appeal | Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Aline Dias, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion. |
| | Justices Hutchinson and Jorgensen concurred in the judgment and opinion. |

## OPINION

¶ 1     Defendant, Gareng Deng, appeals his sentence of 35 years' incarceration for first-degree murder (720 ILCS 5/9-1(a)(3) (West 2004)). He contends that his sentence and plea agreement are void because he did not receive, and was not admonished about, a mandatory sentencing enhancement. We agree. Accordingly, we vacate the sentence and remand to allow defendant to withdraw his plea.

¶ 2                                    I. BACKGROUND

¶ 3     In November 2007, defendant was charged with multiple counts in connection with events that occurred in October 2005. He later pleaded guilty to count III, which charged that defendant, without lawful justification, while committing the forcible felony of residential burglary, shot Marilyn Bethell with a firearm, causing her death. 720 ILCS 5/9-1(a)(3) (West 2004). Other counts also involved the use of a firearm. In particular, count I alleged that defendant, without lawful justification and with the intent to kill, shot Bethell with a firearm, causing her death when he personally discharged the firearm. 720 ILCS 5/9-1(a)(1) (West 2004). Count II alleged that defendant, without lawful justification, shot Bethell, knowing that the act created a strong probability of death or great bodily harm when he personally discharged the firearm. 720 ILCS 5/9-1(a)(2) (West 2004).

¶ 4     At the preliminary hearing, the State told the court that counts I and II alleged that defendant personally discharged a firearm, such that a mandatory enhancement of 25 years to life applied to those counts. 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2004). The court asked for clarification, inquiring if an enhancement was alleged only in counts I and II, and the State affirmed this. The court then admonished defendant that counts I and II subjected him to 20 to 60 years' incarceration, 3 years of mandatory supervised release, fines of up to $25,000, and a 25-year-to-life enhancement. Defendant was admonished that count III subjected him to 20 to 60 years' incarceration, 3 years of mandatory supervised release, and fines of up to $25,000. Defendant stated that he understood.

¶ 5 On May 9, 2009, defendant pleaded guilty to count III under a negotiated plea agreement. Defendant stipulated to a factual basis that restated the charge, including that he shot Bethell during a residential burglary. The factual basis also included that Bethell was found dead along a path, with a gunshot wound to the head, and that she was shot at the location where her body was found. Defendant was seen exiting Bethell's vehicle after an accident and then entering another vehicle. His DNA was recovered from Bethell's home and from a bicycle found near her home. A "CZ caliber" Torkerev weapon was recovered and compared to bullets recovered from Bethell's body, but no match could be made. However, a bullet showed the class characteristics of a Torkerev.

¶ 6 The State informed the court that, in exchange for the plea, defendant would be sentenced to 35 years' incarceration to be served at 100% and the other counts would be dismissed. The court admonished defendant that the offense carried a penalty of 20 to 60 years' incarceration and it accepted the plea.

¶ 7 Defendant moved to withdraw his plea, arguing ineffective assistance of counsel and alleging that a person named Robert actually committed the crime. The motion was denied. Defendant appeals.

¶ 8                                                II. ANALYSIS

¶ 9 Defendant contends that, under *People v. White*, 2011 IL 109616, his sentence is void because it was subject to a mandatory enhancement of 25 years to life and the failure to properly admonish him of the enhancement made the plea agreement void.

¶ 10 Under section 5-8-1 of the Unified Code of Corrections (730 ILCS 5/5-8-1 (West 2004)), the sentencing range for first-degree murder is 20 to 60 years' incarceration (730 ILCS 5/5-8-1(a)(1)(a) (West 2004)). However, section 5-8-1 requires the imposition of an enhanced sentence where a firearm is used in the offense, providing that "if, during the commission of the offense, the person personally discharged a firearm that proximately caused *** death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2004).

¶ 11 Illinois Supreme Court Rule 402(c) (eff. July 1, 1997) provides that a trial court cannot enter a final judgment on a plea of guilty without first determining that there is a factual basis for the plea. *White*, 2011 IL 109616, ¶ 17. "The factual basis for a guilty plea generally will consist of an express admission by the defendant that he committed the acts alleged in the indictment or a recital to the court of the evidence that supports the allegations in the indictment." *Id.* "[T]he factual basis will be established as long as there is a basis anywhere in the record up to the final judgment from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent, if any, required to constitute the offense to which he is pleading guilty." *People v. Brazee*, 316 Ill. App. 3d 1230, 1236 (2000).

¶ 12 "Once a trial court accepts a plea of guilty, it is the duty of the court to fix punishment." *White*, 2011 IL 109616, ¶ 20. The supreme court has " 'repeatedly recognized that the legislature has the power to prescribe penalties for defined offenses, and that power necessarily includes the authority to prescribe mandatory sentences, even if such sentences

restrict the judiciary's discretion in imposing sentences.' " *Id.* (quoting *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004)). A court does not have authority to impose a sentence that does not conform with statutory guidelines and it exceeds its authority when it orders a lesser or greater sentence than mandated by statute. *Id.* "In such a case, the defendant's sentence is illegal and void." *Id.* "Whether a sentence is void is a question of law subject to *de novo* review." *People v. Cortez*, 2012 IL App (1st) 102184, ¶ 9.

¶ 13　　In *White*, the defendant pleaded guilty to first-degree murder and possession of contraband in a penal institution, in exchange for consecutive prison sentences of 28 and 4 years. *White*, 2011 IL 109616, ¶ 4. The factual basis for the plea established that, if the case proceeded to trial, the evidence would show that the defendant and a codefendant planned to rob a taxi driver and were both inside the taxi when the driver was shot in the temple with a handgun. It was further stipulated that, after the driver was shot, the defendant took the handgun from the codefendant and put it in his back pocket. *Id.* ¶ 6. The defendant later moved to withdraw his plea, arguing in part that he was not properly admonished about the sentencing range because he was subject to a 15-year mandatory enhancement for being armed with a firearm while committing the offense. *Id.* ¶ 9; see 730 ILCS 5/5-8-1(a)(1)(d)(i) (West 2004). As a result, the defendant argued, his sentence was void because it was below the mandatory minimum. *White*, 2011 IL 109616, ¶ 9. The trial court denied the motion.

¶ 14　　Our supreme court held that the defendant's sentence was void. *Id.* ¶ 21. The court noted that a trial court may not impose a sentence inconsistent with the governing statutes even where the parties and the trial court agree to the sentence. *Id.* ¶ 23. The court then specifically rejected an argument that the intent of the parties to agree to a murder conviction without the sentencing enhancement was controlling, noting that, in enacting section 5-8-1(a)(1)(d)(i), the legislature took away any discretion the State and the trial court had to fashion a sentence that did not include the enhancement. *Id.* ¶ 26. The court concluded that, since the factual basis for the defendant's plea established that the victim died of a gunshot wound, the sentencing enhancement was mandatory and the defendant's sentence, which did not contain the enhancement, was void. *Id.* ¶ 21. Further, because the defendant was not admonished of the enhancement, the plea agreement was void as well. *Id.* The court remanded the case to the trial court with directions to permit the defendant to withdraw his plea. *Id.* ¶ 31. In a special concurrence, Justice Theis observed that, had the State wished to negotiate around the enhancement, it should have presented a factual basis that referred to a dangerous weapon instead of a firearm. *Id.* ¶ 41 (Theis, J., specially concurring).

¶ 15　　Here, the State presented a factual basis that included the fact that defendant "shot" Bethell with a firearm, causing her death. Thus, defendant argues, he was subject to the mandatory enhancement. The State attempts to distinguish *White*, arguing that the factual basis did not include the words "personally discharged" or otherwise show that defendant "personally discharged" a firearm. Instead, the State suggests, the record shows an intent to plead guilty to an offense based on an accountability theory. In doing so, the State relies on a case holding that the term "personally discharged" in section 5-8-1 distinguishes cases in which the defendant actually fired the shot from cases in which the defendant could be held accountable for a shooting done by another. *People v. Rodriguez*, 229 Ill. 2d 285, 294-95 (2008). The State then relies on a case in which multiple people fired shots, the defendant

and another were charged with shooting the victim, and the court held that it was not necessary to prove that the defendant fired the shot that wounded the victim. *People v. Allen*, 56 Ill. 2d 536, 540 (1974). But those cases are not applicable here, because an accountability theory was not presented by the factual basis.

¶ 16 The State asserts that the factual basis, by referring to defendant's entering another vehicle, could have implied the involvement of another person. But that reference was not sufficient to show that defendant was guilty only under an accountability theory. There was no allegation that any other person shot Bethell or was even present when the shooting occurred. To the contrary, the charge, which was specifically included in the factual basis, stated that defendant "shot" Bethell, causing her death, and the additional facts provided served to place defendant at Bethell's home. The brief mention of another vehicle does not transform the matter into one involving accountability.

¶ 17 While it is possible that the State intended to remove the enhancement when it was negotiating the plea, as evinced by the State's telling the court at the preliminary hearing that only counts I and II involved the enhancement, it did nothing to remove the enhancement from the factual basis for the plea. Had the State wished to negotiate a plea based on an accountability theory, it could have amended the factual basis to support such a theory. In the alternative, it could have amended the factual basis to allege that defendant caused the death with a dangerous weapon, as suggested by Justice Theis specially concurring in *White*. But it did not do so. Accordingly, the trial court was left with no sufficient basis to find that anyone other than defendant personally discharged the firearm that caused Bethell's death. It was thus required to sentence defendant with the 25-year-to-life enhancement, making 45 years the minimum possible sentence. Because defendant was sentenced to less than that amount, and was not admonished of the enhancement, his sentence and the plea agreement that led to it are void.

¶ 18                                   III. CONCLUSION

¶ 19 Defendant's sentence and plea agreement are void. Accordingly, under *White*, the judgment of the circuit court of Kane County is vacated and the cause is remanded to the trial court with directions to allow defendant to withdraw his guilty plea and proceed to trial if he chooses to do so.

¶ 20 Vacated and remanded.