# Illinois Official Reports

## Appellate Court

---

### *People v. Garza*, 2014 IL App (4th) 120882

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JUAN A. GARZA, JR., Defendant-Appellant. |
| District & No. | Fourth District<br>Docket Nos. 4-12-0882, 4-13-0090 cons. |
| Filed | January 28, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed the summary dismissal of defendant's *pro se* postconviction petition, notwithstanding his allegation that his guilty plea to first degree murder should be vacated on the ground that the 35-year sentence he negotiated with the State, based on a 15-year firearm enhancement, was void because the factual basis for the plea permitted the inference that defendant personally shot the firearm that killed the victim, thereby invoking the 25-year mandatory firearm enhancement, since the law tolerates fact-based concessions by the State as a "legitimate negotiation tool," and in defendant's case, the factual basis was phrased to avoid directly implicating defendant as the shooter and defendant was admonished that the 35-year firearm enhancement applied; therefore, the 35-year sentence was not void and defendant was not entitled to withdraw his plea. |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 10-CF-1867; the Hon. Thomas J. Difanis, Judge, presiding. |
| Judgment | No. 4-12-0882, Affirmed.<br>No. 4-13-0090, Affirmed. |

| Counsel on Appeal | Michael J. Pelletier, Karen Munoz, and Duane E. Schuster, all of State Appellate Defender's Office, of Springfield, for appellant. |
|---|---|
| | Julia Reitz, State's Attorney, of Urbana (Patrick Delfino, David J. Robinson, and Anastacia R. Brooks, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE KNECHT delivered the judgment of the court, with opinion. |
| | Justices Turner and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1    In July 2011, defendant, Juan A. Garza, Jr., pleaded guilty to first degree murder (720 ILCS 5/9-1(a)(3) (West 2010)). In July 2011, the trial court sentenced defendant to 35 years' imprisonment. In June 2012, defendant filed a *pro se* motion for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). In August 2012, the trial court, on the State's motion, dismissed the petition. In December 2012, defendant filed a *pro se* postconviction petition. In January 2013, the court summarily dismissed the petition.

¶ 2    Defendant argues this court should vacate his plea because the 35-year sentence he negotiated with the State is void. He contends his 35-year sentence, based on the 15-year firearm enhancement (730 ILCS 5/5-8-1(a)(1)(d)(i) (West 2010)), is void because it can be inferred from the factual basis he personally discharged a firearm causing the death of the victim. He asserts this triggered the 25-year mandatory firearm sentencing enhancement (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)) and a minimum 45-year sentence. We disagree and affirm.

¶ 3                        I. BACKGROUND
¶ 4                    A. The Plea and Sentencing Hearings
¶ 5    In November 2010, the State charged defendant with five counts of first degree murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2010)). All five counts alleged defendant "personally discharged a firearm" causing the death of Cruse Jimenez.

¶ 6    On July 7, 2011, the State charged defendant with a sixth count of first degree murder (720 ILCS 5/9-1(a)(3) (West 2010)) (count VI). The information alleged "defendant, or one for whose conduct he is legally responsible, without legal justification, while committing a forcible felony, namely Robbery ***, shot Cruse Jimenez while armed with a .45[-]caliber pistol or similar firearm, thereby causing the death of Cruse Jimenez."

- 2 -

¶ 7    The same day, the trial court held a plea hearing. The State informed the court defendant would plead guilty to count VI. In exchange for his guilty plea, he would receive a 35-year prison sentence. The State informed the trial court the 15-year firearm enhancement applied. The court admonished defendant he was subjected to a mandatory minimum sentence of 35 years. The State presented a factual basis. On November 6, 2010, at approximately 1:45 a.m., Jimenez was shot outside the Cherry Orchard apartment building in Rantoul, Illinois. Witnesses would testify they heard a voice demanding Jimenez's wallet and observed Jimenez handing something to a male. Jimenez then ran toward the apartment building. The male fired multiple shots toward Jimenez. He was struck five times. Defendant was in a vehicle in the apartment building's parking lot in possession of a "large caliber handgun." Other witnesses saw defendant "put up the hood of a hooded sweatshirt and say either that he had something to do or something to the effect of [']hitting a lick.['] " Defendant exited the vehicle and shots were fired "immediately after" he exited the vehicle. When police arrested defendant, they recovered a .45-caliber pistol matching the expended shell casings found at the crime scene.

¶ 8    After the plea hearing, the trial court sentenced defendant to 35 years' imprisonment. Defendant did not file a posttrial motion or appeal the sentence.

¶ 9                        B. The Section 2-1401 Petition

¶ 10    On June 27, 2012, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). Defendant, as best we can understand, asserted (1) the trial court did not comply with Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001), (2) the trial court did not admonish him he was required to file a motion to withdraw his guilty plea, (3) he did not receive "the benefit of the bargain" when a three-year mandatory supervised release (MSR) term was imposed, and (4) ineffective assistance of counsel.

¶ 11    In August 2012, the State filed a motion to dismiss. The State argued a section 2-1401 petition was not the appropriate method to raise constitutional violations or ineffective assistance of counsel claims. The trial court dismissed defendant's petition. In September 2012, defendant filed a response to the motion to dismiss and the court reaffirmed its dismissal. In September 2012, defendant filed a notice of appeal. This court docketed the appeal as No. 4-12-0882.

¶ 12                        C. The Postconviction Petition

¶ 13    In December 2012, defendant filed a postconviction petition pursuant to section 122-1 of the Post-Conviction Hearing Act (725 ILCS 5/122-1 (West 2012)). Defendant asserted (1) various claims of ineffective assistance of counsel, and (2) the firearm enhancement was unconstitutional. In January 2013, the trial court summarily dismissed defendant's petition. Defendant filed a notice of appeal. This court docketed the appeal as No. 4-13-0090.

¶ 14    On defendant's motion, we consolidated these two appeals.

## II. ANALYSIS

On appeal, defendant does not argue any of the issues raised in his section 2-1401 or postconviction petitions. Rather, he argues this court should vacate his plea because the 35-year sentence he negotiated with the State is void. He acknowledges the parties "tried" to structure a plea agreement acknowledging his possession of a firearm (subjecting him to the 15-year firearm enhancement (730 ILCS 5/5-8-1(a)(1)(d)(i) (West 2010))) without subjecting him to the 25-year mandatory firearm sentencing enhancement (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2010)) for personally discharging the firearm. He asserts "the parties failed this endeavor, because both the charging instrument and the factual basis in [his] case detailed circumstances under which a trier of fact could reasonably infer that [he] personally discharged the firearm that killed Cruse Jimenez." We disagree and affirm.

### A. Review of the Petition for Relief From
### Judgment and Postconviction Petitions

Section 2-1401 of the Code of Civil Procedure allows for relief from final judgments more than 30 days after their entry. 735 ILCS 5/2-1401 (West 2012). Section 2-1401 can be used to collaterally attack a void judgment. 735 ILCS 5/2-1401(f) (West 2012). A trial court's dismissal, without an evidentiary hearing, of a section 2-1401 petition is reviewed *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

The Post-Conviction Hearing Act provides a method for a criminal defendant to assert his conviction was the result of a substantial denial of his constitutional rights. 725 ILCS 5/122-1 (West 2012). "[A] postconviction proceeding is a collateral attack upon the prior conviction and affords only limited review of constitutional claims not presented at trial." *People v. Harris*, 224 Ill. 2d 115, 124, 862 N.E.2d 960, 966 (2007). To survive dismissal, a *pro se* postconviction petition's allegations, taken as true, must present the " 'gist' " of a constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9, 912 N.E.2d 1204, 1208 (2009). A petition which is sufficient to avoid summary dismissal is one which is not frivolous or patently without merit. *Id.* at 11, 912 N.E.2d at 1209. A trial court's summary dismissal of a defendant's postconviction petition is reviewed *de novo*. *Id.* at 9, 912 N.E.2d at 1208.

### B. Defendant's Voidness Claim

Defendant did not raise his voidness argument before the trial court. He asserts his argument is not subject to forfeiture because a void judgment can be attacked at any time.

Defendant does not offer any explanation why he did not present his voidness argument before the trial court. The general rule is a party may not raise an issue for the first time on appeal. See *People v. Jones*, 211 Ill. 2d 140, 148, 809 N.E.2d 1233, 1239 (2004); 725 ILCS 5/122-3 (West 2012) (waiver of claims not raised in the original or amended postconviction petition). There are reasons for this. Requiring alleged errors to be presented to the trial court creates the opportunity for the parties to develop a factual record, allows the trial court to correct its error, and reduces the burden of an appeal. See *People v. Enoch*, 122 Ill. 2d 176, 185-86, 522 N.E.2d 1124, 1129-30 (1988); *People v. Herron*, 215 Ill. 2d 167, 175, 830 N.E.2d

467, 472 (2005). Defendant is correct "a void order may be attacked at any time or in any court, either directly or collaterally" (*People v. Thompson*, 209 Ill. 2d 19, 25, 805 N.E.2d 1200, 1203 (2004)) and it is not subject to waiver (*id.* at 27, 805 N.E.2d at 1205). This should not be construed as a license to reserve voidness arguments for the appellate court after the trial court has rejected other arguments.

¶ 23                                    1. *The Firearm Enhancement Statute*

¶ 24        At the time of the offense, section 5-8-1(a)(1)(d) of the Unified Code of Corrections provided as follows:

> "(d)(i) if the person committed the offense while armed with a firearm, 15 years shall be added to the term of imprisonment imposed by the court;
>
> (ii) if, during the commission of the offense, the person personally discharged a firearm, 20 years shall be added to the term of imprisonment imposed by the court;
>
> (iii) if, during the commission of the offense, the person personally discharged a firearm that proximately caused great bodily harm, permanent disability, permanent disfigurement, or death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court." 730 ILCS 5/5-8-1(a)(1)(d) (West 2010).

¶ 25                              2. *Application of the Firearm Statute Here*

¶ 26        Defendant contends his sentence is void pursuant to *People v. White*, 2011 IL 109616, 953 N.E.2d 398. He asserts *White* has been interpreted to hold "mandatory firearm sentencing enhancements are triggered if the charging instrument and factual basis for the guilty plea to first[ ]degree murder would allow a trier of fact to reasonably infer that the defendant personally discharged the firearm that caused the death." We do not read *White* this broadly.

¶ 27        In *White*, the trial court, in accordance with the plea agreement, sentenced the defendant to 28 years' imprisonment for murder. *White*, 2011 IL 109616, ¶ 7, 953 N.E.2d 398. The trial court did not impose the 15-year firearm enhancement because it erroneously believed the enhancement did not apply where guilt was predicated on an accountability theory. *Id.* ¶ 19, 953 N.E.2d 398. In *People v. Rodriguez*, 229 Ill. 2d 285, 295, 891 N.E.2d 854, 860 (2008), the supreme court held the 15-year firearm enhancement applied in accountability cases. Therefore, in *White* the defendant was subject to a minimum 35-year prison sentence. *White*, 2011 IL 109616, ¶ 19, 953 N.E.2d 398. On appeal, the State, citing *People v. Summers*, 291 Ill. App. 3d 656, 659, 684 N.E.2d 1004, 1007 (1997), argued it could concede a version of the facts which failed to acknowledge a firearm was used in the commission of the offense and make sentencing concessions based on the stipulated facts. The supreme court rejected this argument because "[t]he version of the facts agreed to by the State and presented by it in the factual basis to the court established that a firearm was used in the commission of the offense." *White*, 2011 IL 109616, ¶ 27, 953 N.E.2d 398. The supreme court noted the State could not negotiate a sentence without the mandatory firearm enhancement and allowed the defendant to withdraw his guilty plea. *Id.* ¶¶ 29, 31, 953 N.E.2d 398.

¶ 28        We do not read *White* to stand for the broad proposition a sentence is void if the factual basis supports a reasonable inference a firearm sentencing enhancement applies. In *White*, the supreme court stated the factual basis "established" the fact a firearm was used. *Id.* ¶ 27, 953 N.E.2d 398. The State argues *White* should be read to require a factual basis to explicitly include the fact triggering the sentencing enhancement. We agree. As this court has previously held, a trial court does not have the authority to accept a plea agreement containing a sentencing provision not authorized by statute. *People v. Gregory*, 379 Ill. App. 3d 414, 422, 883 N.E.2d 762, 769 (2008). But this is not plaintiff's contention. Rather, plaintiff would upset a plea agreement if the factual basis would allow for a trier of fact to "reasonably infer" a different sentencing provision applied. This would have a significant impact on the plea-bargaining process. As the *Summers* court noted, "[p]rosecutors routinely negotiate disputed facts. They abide crime versions markedly different from their true view of events in order to achieve plea-bargained dispositions. Under proper circumstances, the law tolerates fact-based concessions as a legitimate negotiation tool." *Summers*, 291 Ill. App. 3d at 659, 684 N.E.2d at 1007. In her special concurrence in *White*, Justice Theis discussed the so-called *Summers* principle and the State's ability to concede facts in order to support the charge and negotiate a guilty plea. Justice Theis wrote the State could negotiate around the 15-year firearm enhancement by amending the indictment and presenting a factual basis referring to a dangerous weapon, rather than a firearm. *White*, 2011 IL 109616, ¶ 41, 953 N.E.2d 398 (Theis, J., specially concurring). Defendant's argument would subject the State's ability to negotiate a plea deal to the review of a hypothetical "trier-of-fact" who could "reasonably infer" what actually happened rather than what the State conceded happened. In accord with *White*, a factual basis will be read for what it states, not for what it could be "reasonably inferred" to support. Defendant's supporting cases do not support his broad reading of *White*. See *People v. McRae*, 2011 IL App (2d) 090798, ¶¶ 5-6, 959 N.E.2d 1245 (factual basis expressly stated the defendant pointed the gun at the victim and shot him); *People v. Smith*, 2013 IL App (3d) 110738, ¶ 3, 993 N.E.2d 589 (indictment and factual basis "established" the defendant shot the victim). Here, the factual basis does not expressly establish defendant personally discharged the firearm.

¶ 29        Defendant's reliance on *People v. Deng*, 2013 IL App (2d) 111089, 991 N.E.2d 841, is also misplaced. In *Deng*, the defendant pleaded guilty to a murder charge stating he, "without lawful justification, while committing the forcible felony of residential burglary, shot [the victim] with a firearm, causing her death." *Id.* ¶ 3, 991 N.E.2d 841. The factual basis stated the defendant "shot" the victim during a residential burglary. *Id.* ¶ 5, 991 N.E.2d 841. As discussed above, the factual basis established the defendant personally discharged the firearm. The State, on appeal, argued the 15-year firearm enhancement applied because the record showed an intent to base the guilty plea on an accountability theory. *Id.* ¶ 15, 991 N.E.2d 841. The State asserted the factual basis "could have implied the involvement of another person" because it referred to the defendant entering another vehicle. *Id.* ¶ 16, 991 N.E.2d 841. The Second District reiterated the charge specifically stated defendant " 'shot' " the victim and stated "[t]here was no allegation that any other person shot [the victim] or was even present when the shooting occurred." *Id.* In *Deng* the State did not include an accountability theory in

the indictment but argued, on appeal, an accountability theory would support the otherwise unauthorized sentence. This case is different. Here, the State drafted count VI to include the accountability theory and used the accountability theory and conceded facts to structure a 35-year sentence. The accountability theory was an integral part of the plea agreement. See *Rodriguez*, 229 Ill. 2d at 295, 891 N.E.2d at 860 (15-year firearm enhancement applies to a charge based on accountability). The State phrased the factual basis in a way to avoid directly implicating defendant as the person who shot Jimenez. To accept defendant's argument, we would be required to substitute what the State factually conceded, in order to negotiate the plea, with a "reasonable" inference about what actually happened. We decline.

¶ 30        Defendant's argument is also premised on the conclusion *White* requires a defendant to withdraw his guilty plea where a void sentence was imposed. This is not correct. See *People v. Donelson*, 2013 IL 113603, ¶ 26, 989 N.E.2d 1101 (clarifying *White*). In *White* and the other cases defendant relies on, the trial court did not admonish the defendant about the firearm enhancement. See *McRae*, 2011 IL App (2d) 090798, ¶ 22, 959 N.E.2d 1245; *Smith*, 2013 IL App (3d) 110738, ¶ 10, 993 N.E.2d 589; *Deng*, 2013 IL App (2d) 111089, ¶ 4, 991 N.E.2d 841. Here, the trial court admonished defendant he was subject to the 15-year firearm enhancement. Defendant's 35-year sentence is not void and he is not entitled to withdraw his guilty plea.

¶ 31                                        III. CONCLUSION
¶ 32        We affirm the judgment of the trial court. As part of our judgment, we award the State its $50 statutory assessment as costs of this appeal. 55 ILCS 5/4-2002(a) (West 2012).

¶ 33        No. 4-12-0882, Affirmed.
¶ 34        No. 4-13-0090, Affirmed.