NOTICE
Decision filed 04/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 190486-U

NO. 5-19-0486

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 95-CF-42 |
| | ) | |
| STEVEN D. SUMMERS, | ) | Honorable |
| | ) | Stanley M. Brandmeyer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE VAUGHAN delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because defendant's guilty plea waived any possible application of the *Miller* protections to his sentence, the circuit court properly denied his motion to file a successive postconviction petition.

¶ 2    Defendant appeals from the denial of his motion for leave to file a successive postconviction petition. For the following reasons, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    In Clinton County case No. 95-CF-42, defendant was charged with two counts of attempted murder (720 ILCS 5/9-1(a) (West 1994)) and two counts of aggravated vehicular hijacking (*id.* § 18-4(a)(1)). On July 28, 1995, defendant pled guilty to the two counts of attempted murder. In exchange, defendant was sentenced to two 60-year terms of imprisonment, and the remaining counts were dismissed.

1

¶ 5    At the plea hearing, the State averred:

> "As part of this negotiated plea, the defendant is charged in Champaign County in Case 95-CF-312 in Champaign County with the charge of aggravated vehicular hijacking, a Class X felony, the charge of aggravated kidnapping in two counts to make three counts he faces there. The Champaign County State's Attorney's Office has agreed if the defendant pleads to the 60-year sentence in Clinton County as I have stated that they will allow him to plead guilty in their Count I and receive a 30-year sentence which will run concurrent with the Clinton County sentence."

A letter from the Champaign County State's Attorney's office stated that if defendant pled guilty to the charges in Champaign County case 95-CF-312, it agreed to the imposition of 30 years' imprisonment that would run concurrently with any sentence imposed in Clinton County case 95-CF-42. After accepting the plea, the court sentenced defendant to two extended terms of 60 years' imprisonment to run concurrent with each other "and with Champaign Co."

¶ 6    Ultimately, upon the advice of counsel, defendant decided to go to trial in the Champaign County case and was sentenced to 30 years' imprisonment for aggravated vehicular hijacking and 30 years' imprisonment for armed robbery. The Champaign County court ordered the sentences to run concurrently with each other and with any parole revocation in case 93-CF-328 from Champaign County and case 93-CF-117 from Vermilion County. However, the court ordered the sentences to run consecutively to the sentence imposed in Clinton County case 95-CF-42.

¶ 7    In the following years, defendant presented numerous and ultimately unsuccessful postjudgment filings to attack his plea and sentences. When appealed, this court either dismissed the appeal or affirmed the decisions. *People v. Summers*, 291 Ill. App. 3d 656, 684 (1997); *People*

*v. Summers*, No. 5-03-0235 (Sept. 7, 2005) (unpublished order under Illinois Supreme Court Rule 23); *People v. Summers*, No. 5-06-0299 (May 3, 2007) (unpublished order under Illinois Supreme Court Rule 23); *People v. Summers*, No. 5-06-0017 (Mar. 14, 2006) (unpublished order); *People v. Summers*, No. 5-07-0208 (Oct. 9, 2007) (unpublished order); *People v. Summers*, No. 5-08-0363 (Oct. 20, 2008) (unpublished order); *People v. Summers*, No. 5-12-0149 (Mar. 12, 2014) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8    On November 4, 2019, defendant filed a *pro se* motion for leave to file a successive postconviction petition that is at issue here. The petition asserted defendant's sentence in the instant case—and in aggregate with the Champaign County case—violated the federal and state constitutions as applied to him. Specifically, relying on *Miller v. Alabama*, 567 U.S. 460 (2012), the pleading contended defendant's 60-year sentence and aggregate 90-year sentence was unconstitutional as applied to him because it was a *de facto* life sentence imposed for offenses committed when he was 19 years old without consideration of his youth and its attendant characteristics. Defendant argued he established cause because the new case law had not yet been published and prejudice because the court failed to consider his youth in sentencing him to a *de facto* life sentence.

¶ 9    The court denied defendant's motion, finding he failed to establish cause and prejudice. It also noted the petition failed to raise a colorable claim of actual innocence. Defendant appealed.

¶ 10                                II. ANALYSIS

¶ 11   The Post-Conviction Hearing Act (Act) provides a statutory method for criminal defendants to assert that "in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2018). The Act contemplates the filing of only

3

one postconviction petition. *Id.* §§ 122-1(f), 122-3; *People v. Edwards*, 2012 IL 111711, ¶ 22. A defendant, however, may obtain leave of court to file a successive postconviction petition " 'when fundamental fairness so requires.' " *People v. Coleman*, 2013 IL 113307, ¶ 81 (quoting *People v. Pitsonbarger*, 205 Ill. 2d 444, 458 (2002)); see 725 ILCS 5/122-1(f) (West 2018).

¶ 12    The statutory bar against successive petitions will be relaxed under two circumstances. One such circumstance is where defendant asserts a claim of actual innocence. *Coleman*, 2013 IL 113307, ¶ 83. This is not present here. The second circumstance is where defendant can satisfy the "cause-and-prejudice test." 725 ILCS 5/122-1(f) (West 2018).

¶ 13    To establish "cause" defendant must identify "any objective factor, external to the defense, which impeded the [defendant's] ability to raise a specific claim in the initial postconviction proceeding." *Pitsonbarger*, 205 Ill. 2d at 462. The "prejudice" prong is met where defendant shows that the constitutional error "so infected the entire trial that the resulting conviction or sentence violates due process." *Id.* at 464; 725 ILCS 5/122-1(f) (West 2018).

¶ 14    In addressing a motion for leave to file a successive postconviction petition, the court conducts "a preliminary screening to determine whether defendant's *pro se* motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice." *People v. Bailey*, 2017 IL 121450, ¶ 24. The motion needs to make only a "*prima facie* showing of cause and prejudice." *Id.* "[W]hen it is clear from a review of the successive petition and supporting documents that the claims raised fail as a matter of law or are insufficient to justify further proceedings," defendant's motion should be denied. *People v. Dorsey*, 2021 IL 123010, ¶ 33. The sufficiency of a motion for leave to file a successive postconviction petition presents a question of law we review *de novo*. *Id.*

¶ 15    From the outset, we reject defendant's invitation to consider his *Miller* claim in relation to the aggregate sentence from Clinton County case 95-CF-42 and Champaign County case 95-CF-312 because he was allegedly enticed to plead to the 60-year sentence in the Clinton County case based on the supposed benefit of receiving a concurrent 30-year term of imprisonment in the Champaign County case. Defendant relies on *People v. Reyes*, 2016 IL 119271, ¶¶ 8-10, which determined the combined sentence of consecutive terms for separate offenses was the functional equivalent of natural life in prison. However, *Reyes* involved "offenses in a single course of conduct" within the same case (*id.* ¶ 10) and is therefore distinguishable.

¶ 16    We lack jurisdiction to address the sentence in the Champaign County case. "An appeal is a continuation of the proceeding." Ill. S. Ct. R. 301 (eff. Feb. 4, 1994). "Inasmuch as the appeal is a continuation of the circuit court proceeding, the notice of appeal cannot vest jurisdiction in this court over an order entered in a different proceeding." *Lee v. Pavkovic*, 119 Ill. App. 3d 439, 444 (1983). Here, defendant's appeal involves Clinton County case 95-CF-42. This court therefore does not have jurisdiction over the Champaign County case or any sentencing issues related thereto. Consequently, this court can only consider defendant's argument in relation to the 60-year sentence imposed in the Clinton County case 95-CF-42.[1]

¶ 17    In this respect, we agree with the State that *People v. Jones*, 2021 IL 126432, is dispositive. In *Jones*, the Illinois Supreme Court determined that defendant's plea of guilty waived a constitutional claim under *Miller*, even when the guilty plea preceded *Miller*. *Jones*, 2021 IL 126432, ¶¶ 18-26.

---

[1]We further note that the record reflects that it was defendant's—not the Champaign County State's Attorney's—decision to forgo the plea of guilty and proceed to trial, despite already pleading guilty in Clinton County case 95-CF-42. Moreover, notwithstanding any errors in the Champaign County case, this court has repeatedly upheld defendant's conviction and sentence in the Clinton County case. *Summers*, No. 5-12-0149, ¶¶ 5, 18-19.

¶ 18 Defendant argues *Jones* does not apply because it did not concern the proportionate penalties clause of the Illinois Constitution, but such argument misrepresents the case. When discussing *Miller*'s holding and reasoning, the *Jones* majority referred to the eighth amendment several times and never referred to the proportionate penalties clause. This is because *Miller* was based on an eighth amendment violation. The *Jones* dissent, however, clarified that defendant's sentencing claim in that case was based on both the eighth amendment and the proportionate penalties clause. *Id.* ¶ 37 (Neville, J., dissenting).

¶ 19 Regardless, we do not read *Jones* as limiting its holding to only *Miller* claims under the eighth amendment. Its decision was based on the well-established principle that "a voluntary guilty plea waives all non-jurisdictional errors or irregularities, *including constitutional ones*." (Emphasis in original and internal quotation marks omitted.) *Id.* ¶ 20. The court also reasoned that plea agreements are contracts, and that by entering into that contract, defendant chooses " 'to gain a present benefit in return for the risk that he may have to [forgo] future favorable legal developments.' " *Id.* ¶ 21 (quoting *Dingle v. Stevenson*, 840 F.3d 171, 175 (4th Cir. 2016)). It explicitly held that a "knowing and voluntary guilty plea waived *any* constitutional challenge based on subsequent changes in the applicable law." (Emphasis added.) *Id.* ¶ 26. Such holding is broad and inclusive of all constitutional claims, regardless of the source on which the claim is based. Accordingly, defendant's knowing and voluntary plea of guilty precludes his claim that his sentence violated the proportionate penalties clause based on an as-applied *Miller* claim.

¶ 20 We further note that defendant's claims are foreclosed by the Illinois Supreme Court decision in *Dorsey*, 2021 IL 123010, ¶ 64, which held "a judicially imposed sentence that is more than 40 years but offers day-for-day, good-conduct sentencing credit does not cross the *Buffer* line if it offers the opportunity to demonstrate maturity and obtain release with 40 years or less of

6

incarceration." Defendant concedes day-for-day credit applied to his sentence. As such, he could have been released after 30 years' imprisonment, which is below the 40-year line imposed by *Buffer*. See *People v. Buffer*, 2019 IL 122327, ¶ 41.

¶ 21   Because *Miller* is inapplicable to defendant's sentence, he failed to establish prejudice. The circuit court therefore properly denied his motion for leave to file a successive postconviction petition.

¶ 22                                III. CONCLUSION

¶ 23   For the foregoing reasons, we affirm the dismissal of defendant's motion for leave to file a successive postconviction petition.

¶ 24   Affirmed.